## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **The Transparency Project**, | |
| Plaintiff, | |
| vs. | **Case No.  4:20-cv-467** |
| **U.S. Department of Justice, National Security Agency, Federal Bureau of Investigation, Central Intelligence Agency, and Office of the Director of National Intelligence,** | |
| Defendants | |

## FIRST AMENDED COMPLAINT

The Transparency Project ("Plaintiff") brings this action against the U.S. Department of Justice ("DOJ" or "Justice Department"), the National Security Agency ("NSA"), the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), and the Office of the Director of National Intelligence ("DNI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, the Plaintiff alleges as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.   Venue is proper in this district because the Plaintiff is headquartered in Collin County, Texas.

## Parties

3.   The Plaintiff is a Texas non-profit corporation headquartered in Plano, Texas.

4.   Defendant DOJ is a department of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

5.   Defendant NSA is an agency of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. DOJ is headquartered at 9800 Savage Rd., Ft. George G. Meade MD 20755-6000.

6.  Defendant FBI is an agency of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. The FBI is headquartered at 935 Pennsylvania Avenue NW, Washington, DC 20535.

7.  Defendant CIA is an agency of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. The CIA is headquartered in Langley, Virginia.

8.  Defendant ODNI is an agency of the United States Government. It has possession, custody, and control of records to which the Plaintiff seeks access. The ODNI is headquartered in Washington, D.C.

## Statement of Facts

9.  On October 26, 2018, the Plaintiff submitted a FOIA request to various

components of DOJ via electronic submission. A true and correct copy of that FOIA request is attached as Exhibit 1 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Imran Awan.

(b) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Abid Awan.

(c) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Jamal Awan.

(d).   Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Hina Alvi.

(e) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Rao Abbas.

(f)  From the National Security Division only, I request documents, files, records, and communications (regardless of electronic, paper or other format) referencing Seth Conrad Rich or "Seth Rich," who is deceased.

To date, only the Federal Bureau of Investigation has responded substantively.

10.  On October 29, 2018, the Plaintiff submitted a FOIA request to the National Security Agency. A true and correct copy of that FOIA request is attached as Exhibit 2 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Seth Conrad Rich.

(b) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Julian Assange.

(c) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Wikileaks.

(d) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Kim Dotcom.

(e) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Aaron Rich.

(f) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Shawn Lucas.

(g) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Kelsey Mulka.

(h) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Imran Iwan.

(i) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Abid Awan.

(j) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Jamal Awan.

(k) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Hina Alvi.

(l) All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Rao Abbas.

As of this date, the NSA has not responded to the request in any way.

11. On May 28, 2020, the Plaintiff submitted a FOIA request to the Central Intelligence Agency. A true and correct copy of that FOIA request is attached as Exhibit 3 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) I request the opportunity to view all metadata, communications (internal or external), records, documents, reports or other evidence regarding whether the CIA, its Directorate of Digital Innovation, or any of the CIA's foreign or domestic affiliates, agents, employees or contractors played a role in inserting Russian "fingerprints" (*e.g.*, "COZY BEAR" or "FANCY BEAR") into data from the 2016 Data Breach. In other words, the CIA should produce all evidence indicating whether the CIA, its Directorate of Digital Innovation or any of the CIA's foreign or domestic affiliates, agents, employees or contractors inserted or fabricated evidence to make it appear that Russians or other third parties were responsible for the 2016 Data Breach. This includes, for example, any and all evidence that the Directorate of Digital Innovation created or operated the "Guccifer 2.0" or "DCLeaks" profiles or any other online profile used to promote or distribute data from the 2016 Data Breach.

(b) I request the opportunity to view all tangible evidence indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, the CIA obtained any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the National Security Agency, the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the CIA has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

(c) Former CIA Director John Brennan testified that in the summer of 2016, he convened a task force / working group involving the CIA, NSA and FBI to investigate intelligence showing contact between Russian officials and Trump affiliates. I wish to view all documents, records, and/or communications that (1) identify the name and agency affiliation of each member of the task force / working group as well as (2) the dates that each such person began and ceased working with the group. I also wish to view all documents, records, and/or communications indicating whether the task force / working group fabricated or

attempted to fabricate evidence of collusion between Donald Trump (or his presidential campaign) and Russian officials. If, for example, individuals from the task force tried to create the false impression that Trump campaign officials were acting at the behest of Russian officials, any and all evidence of that should be produced.

(d) For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. journalist or journalism entity. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into U.S. media companies. This request further includes, but is not limited to, documents reflecting payments (direct or indirect) to U.S. journalists or journalism entities.

(e) For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. social media company (*e.g.*, Facebook or Twitter) for purposes of influencing its algorithms or the prevalence of (1) particular posts or publications or (2) particular types of posts or publications. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into such a company.

(f) For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. search engine company (*e.g.*, Google) for purposes of influencing its algorithms or the prevalence of search results. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into such a company.

(g) For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to surveil journalists and/or journalism companies in the United States. This request includes, but is not limited to, (1) plans or efforts to hack into the computer systems, online accounts, or electronic devices of journalists or journalism companies in the United States, and (2) any documents, records, or communications obtained as a result of such hacking efforts. This request further includes, but is not limited to, documents, records, or communications identifying (1) the CIA affiliates, agents, employees or contractors involved in such activities, and (2) the targets of any such activities.

(h) For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to influence the contents of any entertainment production in the United States, *e.g.*, movies, television programs, radio programs, podcasts, Netflix productions, etc.

As of this date, the CIA has not produced any responsive documents.

12. On June 5, 2020, the Plaintiff submitted a FOIA request to the Office of the Director of National Intelligence. A true and correct copy of that FOIA request is attached as Exhibit 4 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) I request the opportunity to view all tangible evidence indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, ODNI possesses any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the National Security Agency, the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the ODNI has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

(b) Former CIA Director John Brennan testified that in the summer of 2016, he convened a task force / working group involving the CIA, NSA and FBI to investigate intelligence showing contact between Russian officials and Trump affiliates. I wish to view all documents, records, and/or communications that (1) identify the name and agency affiliation of each member of the task force / working group as well as (2) the dates that each such person began and ceased working with the group.  I also wish to view all documents, records, and/or communications indicating whether the task force / working group fabricated or attempted to fabricate evidence of collusion between Donald Trump (or his presidential campaign) and Russian officials.  If, for example, individuals from the task force tried to create the false impression that Trump campaign officials were acting at the behest of Russian officials, any and all evidence of that should be produced.

(c) All data, documents, records, or communications (electronic or otherwise) created, received or obtained since January 1, 2016 that discuss or reference Seth Conrad Rich ("Seth Rich") or Aaron Nathan Rich ("Aaron Rich").

(d) All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

(e) All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

(f) All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc..

(g) All documents, records, or communications exchanged with Congress or any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

Thus far ODNI has not produced any responsive documents.

13. On June 11, 2020, the Plaintiff submitted a FOIA request to the FBI. A true and correct copy of that FOIA request is attached as Exhibit 5 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Imran Awan.

(b) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Abid Awan.

(c) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Jamal Awan.

(d) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Hina Alvi.

(e) Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Rao Abbas.

As of this date, the FBI has not produced any responsive documents.

14. On June 11, 2020, the Plaintiff submitted a FOIA request to six components of the Department of Justice, namely the Office of Attorney General, National Security Division, Criminal Division, Office of Legislative Affairs, the Executive Office of U.S. Attorneys, and the FBI. A true and correct copy of that FOIA request is attached as Exhibit 6 and incorporated herein by reference. The Plaintiff requested the opportunity to view the following:

(a) Any and all records related to any investigations or preliminary investigations involving former congressional IT support staffers Abid Awan, Imran Awan, Jamal A wan, and Hina R. Alvi. As part of this request, searches should of records [ sic] should include, but not be limited to, the FBI automated indices, its older manual indices, and its Electronic Surveillance (EL SUR) Data Management System (EDMS), as well as cross-referenced files.

(b) Any and all records of communication sent to or from FBI employees, officials or contractors involving the subjects in [the item above].

As of this date, no responsive records have been produced.

15. On June 12, 2020, the Plaintiff submitted a FOIA request to the National Security Agency. A true and correct copy of that FOIA request is attached as Exhibit 7 and incorporated herein by reference. The Plaintiff's requests included the following:

(a) I request the opportunity to view all metadata, communications (internal or external), records, documents, reports or other evidence regarding whether the National Security Agency ("NSA"), the Central Intelligence Agency ("CIA"), any "Five Eyes" allies, and/or affiliates, agents, employees or contractors of those

agencies or any other government entity played a role in inserting Russian "fingerprints" (*e.g.*, "COZY BEAR" or "FANCY BEAR") into data from the 2016 Data Breach. In other words, the NSA should produce all evidence indicating whether any U.S. Government or "Five Eyes" entities, affiliates, agents, employees or contractors inserted or fabricated evidence to make it appear that Russians or other third parties were responsible for the 2016 Data Breach. This includes, for example, any and all evidence that U.S. Government or "Five Eyes" entity, affiliate, agent, employee, or contractor created or operated the "Guccifer 2.0" or "DCLeaks" profiles or any other online profile used to promote or distribute data from the 2016 Data Breach.

(b) I request the opportunity to view all tangible evidence reflecting the person, persons, or entities involved in 2016 Data Breach. This request includes, but is not limited to, evidence indicating whether the breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, NSA intercepted or obtained any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the NSA has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

I request the opportunity to view all communications exchanged (either directly or indirectly) between Seth Conrad Rich ("Seth Rich") and/or Aaron Nathan Rich ("Aaron Rich") and the following: Julian Assange, Wikileaks, and/or any agents or representatives of Wikileaks.

As of this date, no responsive documents have been produced.

16. On June 12, 2020, the Plaintiff submitted a FOIA request to the FBI and the Justice Department's National Security Division. A true and correct copy of that FOIA request is attached as Exhibit 8 and incorporated herein by reference. The letter quoted a *60 Minutes* interview of Asst. Attorney General Bill Demers and requested the following:

(a) All documents, records, communications, and other tangible evidence supporting Gen. Demers's claims to *60 minutes* above, *i.e.*, about Russian involvement in obtaining the DNC emails in 2016.

(b) All documents, records, communications, and other tangible evidence relied on by Gen. Demers, Adam Hickey, Sean Newell, and Heather Alpino in support of their conclusions that Russians were responsible for obtaining the DNC emails in 2016.

(c) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division concerning Seth Conrad Rich and/or Aaron Nathan Rich.

(d) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division concerning other entities or individuals who may have played a role in stealing, hacking, leaking or improperly obtaining the DNC emails in 2016.

(e) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division indicating whether the DNC emails were hacked externally, leaked from a source inside the DNC, or otherwise transmitted to third parties such as Wikileaks. If there was one or more than one instance of hacking, leaking, or other unauthorized transmission of DNC emails in 2016, please provide details for each such incident, *e.g.*, the dates, persons and entities involved, the data that was hacked, leaked, or otherwise transmitted, and the means by which it was hacked, leaked, or transmitted.

(f) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division or the FBI regarding whether Debbie Wasserman-Shultz or any other member of Congress was blackmailed or extorted, whether directly or indirectly, as a result of information procured by any of the following: Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, Rao Abbas, or anyone affiliated with the government of Pakistan.

As of this date, no responsive records have been produced.

17. On June 18, 2020 the Plaintiff submitted a FOIA request to the CIA, FBI, Justice Department, and the National Security Agency. A true and correct copy of that FOIA request is attached as Exhibit 9 and incorporated herein by reference.  The letter included the following requests:

(a) I request the opportunity to view all documents, records, communications

and/or other tangible evidence reflecting or pertaining to surveillance of Edward Butowsky of Texas or Matt Couch of Arkansas. The term "surveillance" includes, but is not limited to, any attempt to hack into the computers, phones, other electronic devices, and/or online accounts of Mr. Butowsky or Mr. Couch. If any information obtained by surveillance was relayed to third parties, that information should be produced for inspection.

(b) I request the opportunity to view all documents, records, communications and/or other tangible evidence pertaining to whether former Central Intelligence Agency Director David Petraeus mishandled classified information or sold such information during his tenure as CIA director. This request includes, but is not limited to, documents, records, communications and/or other tangible evidence in the possession of the Office of the Inspector General of the CIA and/or the Office of the Intelligence Community Inspector General. This request further includes, but is not limited to, any draft indictments, draft arrest warrants, actual arrest warrants, and/or records of arrest.

Thus far, no responsive records have been produced.

18.   The Plaintiff alleges that career staff in the FBI, DOJ, CIA, NSA, and ODNI are trying to conceal and delay production of records about Seth Rich, Russian "hacking," and Russian "collusion" until after the November 3, 2020 Presidential election, namely because the records will reveal that (1) Special Counsel Robert Mueller's entire investigation of President Donald J. Trump was premised on fraud, and (2) government officials aided and abetted that fraud and engaged in criminal misconduct themselves.   The foregoing agencies have previously deemed documents classified in order to conceal government misconduct, and the Plaintiff expects them to do the same in this case. Section 1.7 of Executive Order 13526, however, prohibits the use of classification for purposes of concealing wrongdoing.

## Count 1

### (Violation of FOIA, 5 U.S.C. § 552)

19.   All prior paragraphs are incorporated herein by reference.

20.   The Plaintiff is being irreparably harmed by the Defendants' violations of

FOIA, and the Plaintiff will continue to be irreparably harmed unless the Defendants are

compelled to comply with FOIA.

**Request for Relief**

21.    The Plaintiff respectfully requests that the Court: (1) order the Defendants to conduct a search for any and all records responsive to the Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the Plaintiff's FOIA request; (2) order the Defendants to produce, by a date certain, any and all non-exempt records responsive to the Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin the Defendants from continuing to withhold any and all non-exempt records responsive to the Plaintiff's FOIA requests; (4) grant the Plaintiff an award of litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant the Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Counsel for The Transparency Project**

Exhibit 1

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

October 26, 2018

| | |
|---|---|
| Office of the Attorney General | Office of Legislative Affairs |
| U.S. Department of Justice | U.S. Department of Justice |
| 950 Pennsylvania Avenue, N.W. | 950 Pennsylvania Avenue, N.W. |
| Washington, DC 20530-0001 | Washington, DC 20530-0001 |
| | |
| National Security Division | Executive Office for U.S. Attorneys |
| U.S. Department of Justice | U.S. Department of Justice |
| 950 Pennsylvania Avenue, N.W. | 950 Pennsylvania Avenue, N.W. |
| Washington, DC 20530-0001 | Washington, DC 20530-0001 |
| | |
| Criminal Division | Federal Bureau of Investigation |
| U.S. Department of Justice | 935 Pennsylvania Avenue, NW |
| 950 Pennsylvania Avenue, N.W. | Washington, D.C. 20535-0001 |
| Washington, DC 20530-0001 | |

<u>Via electronic submission</u>

To Whom It May Concern:

In 2017, the inspector general for the U.S. House of Representatives began investigating Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and Rao Abbas regarding mishandling of computer systems and electronic equiment. *See, e.g.*, Jenna Lifhits, "The IT guy and Wasserman Schultz," June 15, 2018, *The Weekly Standard*, https://www.weeklystandard.com/jenna-lifhits/the-strange-case-of-debbie-wasserman-schulzs-it-guy. On behalf of The Transparency Project, and as permitted by the Freedom of Information Act, I request the following information from the respective entities to whom this letter is addressed:

1. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Imran Awan.

2. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Abid Awan.

3. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Jamal Awan.

4. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Hina Alvi.

5. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Rao Abbas.

6. From the National Security Division only, I request documents, files, records, and communications (regardless of electronic, paper or other format) referencing Seth Conrad Rich or "Seth Rich," who is deceased.

Each of the numbered items above should be considered a separate request.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director
The Transparency Project

Exhibit 2

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

October 29, 2018

National Security Agency
ATTN: FOIA Office
9800 Savage Road, STE 6932
Ft. George G. Meade, Maryland 20755-6932

      Re:    FOIA Request No. 102706B

To Whom It May Concern:

In response to the October 4, 2018 letter that I received regarding FOIA Request No. 102706B, I wish to submit a new FOIA request on behalf of The Transparency Project.  In particular, I request:

1. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Seth Conrad Rich.

2. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Julian Assange.

3. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Wikileaks.

4. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Kim Dotcom.

5. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Aaron Rich.

6. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Shawn Lucas.

7. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Kelsey Mulka.

8. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Imran Iwan.

9. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Abid Awan.

10. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Jamal Awan.

11. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Hina Alvi.

12. All correspondence received from or sent to any member of Congress (or anyone representing a member of Congress or Congressional committee) since January 1, 2016 regarding or referencing Rao Abbas.

Each of the numbered items above should be considered a separate request.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director
The Transparency Project

Exhibit 3

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

May 28, 2020

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505
Fax: 703-613-3007

Re: Freedom of Information Act Request

To Whom It May Concern:

I write on behalf of the The Transparency Project ("TTP"), a nonprofit corporation headquartered in Texas, to request information about the removal, transfer, copying or stealing of data from Democratic National Committee (hereinafter "DNC") computer servers in 2016, data which was later published by Wikileaks.[1]  That event will hereinafter be referred to as the "2016 Data Breach." I make these requests under the authority of the Freedom of Information Act, 5 U.S.C. § 552.

1.  I request the opportunity to view all metadata, communications (internal or external), records, documents, reports or other evidence regarding whether the CIA, its Directorate of Digital Innovation, or any of the CIA's foreign or domestic affiliates, agents, employees or contractors played a role in inserting Russian "fingerprints" (*e.g.*, "COZY BEAR" or "FANCY BEAR") into data from the 2016 Data Breach.  In other words, the CIA should produce all evidence indicating whether the CIA, its Directorate of Digital Innovation or any of the CIA's foreign or domestic affiliates, agents, employees or contractors inserted or fabricated evidence to make it appear that Russians or other third parties were responsible for the 2016 Data Breach.  This includes, for example, any and all evidence that the Directorate of Digital Innovation created or operated the "Guccifer 2.0" or "DCLeaks" profiles or any other online profile used to promote or distribute data from the 2016 Data Breach.

2.  I request the opportunity to view all tangible evidence indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, the CIA obtained any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the National Security Agency, the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the CIA has any evidence whatsoever that the DNC servers were

---

[1]   The following terms or their derivatives are used interchangeably in this subpoena when referring to the movement of the relevant DNC data: leak, hack, remove, transfer, copy, or steal.

hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

3.  Former CIA Director John Brennan testified that in the summer of 2016, he convened a task force / working group involving the CIA, NSA and FBI to investigate intelligence showing contact between Russian officials and Trump affiliates. I wish to view all documents, records, and/or communications that (1) identify the name and agency affiliation of each member of the task force / working group as well as (2) the dates that each such person began and ceased working with the group.  I also wish to view all documents, records, and/or communications indicating whether the task force / working group fabricated or attempted to fabricate evidence of collusion between Donald Trump (or his presidential campaign) and Russian officials.  If, for example, individuals from the task force tried to create the false impression that Trump campaign officials were acting at the behest of Russian officials, any and all evidence of that should be produced.

I also seek the following information on behalf of TTP as permitted by the Freedom of Information Act:

4.  For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. journalist or journalism entity. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into U.S. media companies. This request further includes, but is not limited to, documents reflecting payments (direct or indirect) to U.S. journalists or journalism entities.

5.  For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. social media company (*e.g.*, Facebook or Twitter) for purposes of influencing its algorithms or the prevalence of (1) particular posts or publications or (2) particular types of posts or publications. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into such a company.

6.  For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to gain, cultivate or exercise influence over any U.S. search engine company (*e.g.*, Google) for purposes of influencing its algorithms or the prevalence of search results. This request includes, but is not limited to, documents or communications that reflect an attempt to insert CIA personnel, contractors, or allies into such a company.

7.  For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to surveil journalists and/or journalism companies in the United States. This request includes, but is not limited to, (1) plans or efforts to hack into the computer systems, online accounts, or electronic devices of journalists or journalism companies in the United States, and (2) any

documents, records, or communications obtained as a result of such hacking efforts. This request further includes, but is not limited to, documents, records, or communications identifying (1) the CIA affiliates, agents, employees or contractors involved in such activities, and (2) the targets of any such activities.

8.   For the period from January 20, 2009 until the present, I wish to see all documents, records, communications, and guidelines reflecting any plans or efforts by the CIA to influence the contents of any entertainment production in the United States, *e.g.*, movies, television programs, radio programs, podcasts, Netflix productions, etc.

TTP intends to use the requested information to educate the public about the prevalence of misconduct in the CIA, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

Exhibit 4

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 11, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

*Via facsimile*
(540) 868-4997

To Whom It May Concern:

In 2017, the inspector general for the U.S. House of Representatives began investigating Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and Rao Abbas regarding mishandling of computer systems and electronic equiment. *See, e.g.*, Jenna Lifhits, "The IT guy and Wasserman Schultz," June 15, 2018, *The Weekly Standard*, https://www.weeklystandard.com/jenna-lifhits/the-strange-case-of-debbie-wasserman-schulzs-it-guy. On behalf of The Transparency Project, and as permitted by the Freedom of Information Act, I request the following information from the respective entities to whom this letter is addressed:

1. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Imran Awan.

2. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Abid Awan.

3. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Jamal Awan.

4. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Hina Alvi.

5. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Rao Abbas.

Each of the numbered items above should be considered a separate request. I particularly wish to know if any of the foregoing individuals provided any information technology services to the Democratic National Committee ("DNC"), and whether any of them mishandled data belonging to the DNC.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct,

therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

Exhibit 5

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 11, 2020

Ms. Patricia Gaviria
Director, Information Management Division
Office of the Director of National Intelligence
Washington, D.C. 20511

*Via email*
dni-foia@dni.gov

Re: Freedom of Information Act Request

Ms. Gaviria:

I write on behalf of the The Transparency Project ("TTP"), a nonprofit corporation headquartered in Texas, to request information about the removal, transfer, copying or stealing of data from Democratic National Committee (hereinafter "DNC") computer servers in 2016, data which was later published by Wikileaks.[1]  That event will hereinafter be referred to as the "2016 Data Breach." I make these requests under the authority of the Freedom of Information Act, 5 U.S.C. § 552.

1.  I request the opportunity to view all tangible evidence indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, ODNI possesses any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the National Security Agency, the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the ODNI has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

2.  Former CIA Director John Brennan testified that in the summer of 2016, he convened a task force / working group involving the CIA, NSA and FBI to investigate intelligence showing contact between Russian officials and Trump affiliates. I wish to view all documents, records, and/or communications that (1) identify the name and agency affiliation of each member of the task force / working group as well as (2) the dates that each such person began and ceased working with the group.  I also wish to view all documents, records, and/or communications indicating whether the task force / working group fabricated or attempted to fabricate evidence of collusion between Donald Trump

---

[1]  The following terms or their derivatives are used interchangeably in this subpoena when referring to the movement of the relevant DNC data: leak, hack, remove, transfer, copy, or steal.

(or his presidential campaign) and Russian officials.  If, for example, individuals from the task force tried to create the false impression that Trump campaign officials were acting at the behest of Russian officials, any and all evidence of that should be produced.

3. All data, documents, records, or communications (electronic or otherwise) created, received or obtained since January 1, 2016 that discuss or reference Seth Conrad Rich ("Seth Rich") or Aaron Nathan Rich ("Aaron Rich").

4. All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

5. All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

6. All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc..

7. All documents, records, or communications exchanged with Congress or any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

TTP intends to use the requested information to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

cc:    Mr. Bradley Brooker, Acting General Counsel
              ODNI

Exhibit 6

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 11, 2020

| | |
|---|---|
| Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 | Office of Legislative Affairs<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 |
| National Security Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 | Executive Office for U.S. Attorneys<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 |
| Criminal Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 | Federal Bureau of Investigation<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001 |

Via electronic submission

To Whom It May Concern:

On November 7, 2018, Judicial Watch, Inc. filed suit for information that sought pursuant to the Freedom of Information Act ("FOIA"), namely the following:

(1) Any and all records related to any investigations or preliminary investigations involving former congressional IT support staffers Abid Awan, Imran Awan, Jamal A wan, and Hina R. Alvi. As part of this request, searches should of records [ sic] should include, but not be limited to, the FBI automated indices, its older manual indices, and its Electronic Surveillance (EL SUR) Data Management System (EDMS), as well as cross-referenced files.

(2) Any and all records of communication sent to or from FBI employees, officials or contractors involving the subjects in bullet item 1.

*See Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-02563 (D.D.C.). As permitted by FOIA, and on behalf of the Transparency Project, I request the opportunity to view the same information, to include any information already provided to Judicial Watch.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the

approximate amount of such charges in advance.  I can be reached by email at
tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

Exhibit 7

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 12, 2020

National Security Agency
FOIA Requester Service Center
9800 Savage Road, Suite 6932
Ft. George G. Meade, MD 20755-6932
foiarsc@nsa.gov

       Re: Freedom of Information Act Request

To Whom It May Concern:

       I write on behalf of The Transparency Project ("TTP"), a nonprofit corporation headquartered in Texas, to request information about the removal, transfer, copying or stealing of data from Democratic National Committee (hereinafter "DNC") computer servers in 2016, data which was later published by Wikileaks.[1]  That event will hereinafter be referred to as the "2016 Data Breach." I make these requests under the authority of the Freedom of Information Act, 5 U.S.C. § 552.

1. I request the opportunity to view all metadata, communications (internal or external), records, documents, reports or other evidence regarding whether the National Security Agency ("NSA"), the Central Intelligence Agency ("CIA"), any "Five Eyes" allies, and/or affiliates, agents, employees or contractors of those agencies or any other government entity played a role in inserting Russian "fingerprints" (*e.g.*, "COZY BEAR" or "FANCY BEAR") into data from the 2016 Data Breach.  In other words, the NSA should produce all evidence indicating whether any U.S. Government or "Five Eyes" entities, affiliates, agents, employees or contractors inserted or fabricated evidence to make it appear that Russians or other third parties were responsible for the 2016 Data Breach.  This includes, for example, any and all evidence that U.S. Government or "Five Eyes" entity, affiliate, agent, employee, or contractor created or operated the "Guccifer 2.0" or "DCLeaks" profiles or any other online profile used to promote or distribute data from the 2016 Data Breach.

2. I request the opportunity to view all tangible evidence reflecting the person, persons, or entities involved in 2016 Data Breach. This request includes, but is not limited to, evidence indicating whether the breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, NSA intercepted or obtained any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the United Kingdom's Government

---

[1]  The following terms or their derivatives are used interchangeably in this subpoena when referring to the movement of the relevant DNC data: leak, hack, remove, transfer, copy, or steal.

Communications Headquarters, or any other person or entity), then those communications should be produced. If the NSA has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

3.  I request the opportunity to view all communications exchanged (either directly or indirectly) between Seth Conrad Rich ("Seth Rich") and/or Aaron Nathan Rich ("Aaron Rich") and the following: Julian Assange, Wikileaks, and/or any agents or representatives of Wikileaks.

The foregoing requests should be construed to cover all data, records, information, and tangible evidence in the possession or control of NSA, including information that was originally obtained by another entity such as the United Kingdom's Government Communications Headquarters.

TTP intends to use the requested information to educate the public about the prevalence of misconduct in the CIA, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

Exhibit 8

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 15, 2020

FOIA Initiatives Coordinator
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 6150
Washington, D.C. 20530-0001

*Via email*
nsdfoia@usdoj.gov

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

*Via facsimile*
(540) 868-4997

To Whom It May Concern:

On or about November 23, 2019, an interview of Asst. Attorney General Bill Demers of the National Security Division was broadcast by CBS's *60 Minutes* news magazine. *See* "Trump DOJ official on 2016 Russian election hack: 'They were certainly looking to hurt Hillary Clinton.'" https://www.cbsnews.com/news/trump-doj-official-on-2016-russian-election-hack-they-were-certainly-looking-to-hurt-hillary-clinton-60-minutes/. In the interview with correspondent Bill Whitaker, Gen. Demers alleged that Russians hacked into Democratic National Committee servers in 2016 for the purpose of hurting presidential candidate Hillary Clinton.

During one clip of the interview, an announcer elaborated on the supporting evidence that the National Security Division claimed to have in its possession:

Assistant Attorney General John Demers runs the division, along with deputies Adam Hickey and Sean Newell. DOJ attorney, Heather Alpino, worked with special counsel Mueller on the Russian indictments. All have access to the underlying intelligence, and have no doubt the Russians interfered in the 2016 election.

The clip was followed by an exchange between Mr. Whitaker and Gen. Demmers:

Bill Whitaker: This really happened.

John Demers: Yes. That really happened. And we believe that if we had to we could prove that in court tomorrow using only admissible, non-classified evidence to 12 jurors.

Bill Whitaker: Do you ever expect to get the 12 Russian officials to trial?

John Demers: I would be surprised. But the purpose of the indictment isn't just that, although that's certainly one of the purposes. The purpose of this kind of indictment is even to educate the public. For a legal document, the 29-page indictment is a page-turner. It details how U.S. intelligence agencies tracked each defendant's actions, sometimes by the keystroke, revealing the fictitious names and phony emails used to infiltrate the Democrats' computers, and tracing the stolen data on its circuitous route from Washington, D.C. to Moscow.

Bill Whitaker: The information in the indictment is very detailed. You have descriptions of the Russian agents typing into their computers.

John Demers: Obviously I can't go into too much detail because I don't wanna reveal investigative methods. But the insight here is that behind every one of those keyboards is not an IP address. It's a human being.

On behalf of The Transparency Project, and as permitted by the Freedom of Information Act, I request the opportunity to view the following:

(a) All documents, records, communications, and other tangible evidence supporting Gen. Demers's claims in *60 minutes* above, *i.e.*, about Russian involvement in obtaining the DNC emails in 2016.

(b) All documents, records, communications, and other tangible evidence relied on by Gen. Demers, Adam Hickey, Sean Newell, and Heather Alpino in support of their conclusions that Russians were responsible for obtaining the DNC emails in 2016.

(c) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division concerning Seth Conrad Rich and/or Aaron Nathan Rich.

(d) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division concerning other entities or individuals who may have played a role in stealing, hacking, leaking or improperly obtaining the DNC emails in 2016.

(e) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division indicating whether the DNC emails were hacked externally, leaked from a source inside the DNC, or otherwise transmitted to third parties such as Wikileaks. If there was one or more than one instance of hacking, leaking, or other unauthorized transmission of DNC emails in 2016, please provide details for each such incident, *e.g.*, the dates,

persons and entities involved, the data that was hacked, leaked, or otherwise transmitted, and the means by which it was hacked, leaked, or transmitted.

(f) All documents, records, communications, and other tangible evidence in the possession or control of the National Security Division or the FBI regarding whether Debbie Wasserman-Shultz or any other member of Congress was blackmailed or extorted, whether directly or indirectly, as a result of information procured by any of the following: Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, Rao Abbas, or anyone affiliated with the government of Pakistan.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director
The Transparency Project

Exhibit 9

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 18, 2020

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Director, Information Management Division
Office of the Director of National Intelligence
Washington, D.C. 20511

FOIA Initiatives Coordinator
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 6150
Washington, D.C. 20530-0001

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

      Re: Freedom of Information Act Request

To Whom It May Concern:

      I write on behalf of the The Transparency Project ("TTP"), a nonprofit corporation headquartered in Texas, to request information pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

1. I request the opportunity to view all documents, records, communications and/or other tangible evidence reflecting or pertaining to surveillance of Edward Butowsky of Texas or Matt Couch of Arkansas. The term "surveillance" includes, but is not limited to, any attempt to hack into the computers, phones, other electronic devices, and/or online accounts of Mr. Butowsky or Mr. Couch. If any information obtained by surveillance was relayed to third parties, that information should be produced for inspection.

2. I request the opportunity to view all documents, records, communications and/or other tangible evidence pertaining to whether former Central Intelligence Agency Director David Petraeus mishandled classified information or sold such information during his tenure as CIA director. This request includes, but is not limited to, documents, records,

communications and/or other tangible evidence in the possession of the Office of the Inspector General of the CIA and/or the Office of the Intelligence Community Inspector General. This request further includes, but is not limited to, any draft indictments, draft arrest warrants, actual arrest warrants, and/or records of arrest.

I have attached release authorizations from Mr. Butowsky and Mr. Couch. TTP intends to use the requested information to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director