IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 4:20CV467 |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, et al., | § | JUDGE SEAN D. JORDAN |
| | § | |
| Defendants. | § | |

## RESPONSE TO OCTOBER 6, 2020 ORDER

Defendants, the United States Department of Justice ("DOJ"), the National Security Agency ("NSA"), the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA") and the Office of the Director of National Intelligence ("ODNI") and Plaintiff, The Transparency Project, jointly submit this response to the Court's Order dated October 6, 2020.

Pursuant to the Court's Order dated October 6, 2020, the parties were ordered to complete mandatory disclosures by November 6, 2020, and file a joint conference report with a proposed scheduling order by November 10, 2020.  After conferring, the parties are submitting this response explaining that a scheduling order, discovery schedule, and management conference are premature and not necessary at this time.

Discovery is generally unavailable in actions brought pursuant to the FOIA, which authorizes courts only to enjoin an agency from improperly withholding agency records in response to a proper request.  *See, e.g., Wolf v. Central Intelligence Agency*, 569 F.2d 1 (D.C. Cir. 2008); *see also* 5 U.S.C. § 552(a)(4)(B).  FOIA cases ordinarily are disposed

of through summary judgment motion practice, with the agency filing declarations detailing its search, response and assertion of any exemptions from withholding.  *See, e.g., Long v. Office of Personnel Management*, 692 F.3d 185, 190 (2d Cir. 2012).  Generally, any discovery is "extremely limited, and is permissible only with regard to the scope of the agency's search, its indexing and classification procedures, and other related factual matters."  *Katzman v. Freeh*, 926 F. Supp. 316, 319-20 (E.D.N.Y. 1996) (citations omitted).  At this time, it is not yet known what, if any, limited discovery might be sought or be permitted.  However, Plaintiff is not waiving his right to seek discovery.

This FOIA matter involves multiple, voluminous FOIA requests submitted to multiple federal agencies.  In fact, there are seven separate FOIA requests at issue, ranging in dates from October 26, 2018, through June 18, 2020.  There are eight separate federal entities involved that each process FOIA requests separately, including NSA, CIA, ODNI, and five components of DOJ,[1] which are OIP,[2] NSD, CRM, EOUSA, and FBI. Each agency is independently processing each applicable request, and most of the requests are in the very beginning stages of processing.  Any attempt to create a comprehensive schedule of document release or a briefing schedule among so many agencies at so many different stages of processing at this point is a practical impossibility.

---

[1]  DOJ has a decentralized system for processing FOIA requests.  28 C.F.R. § 16.1(c) (Jan. 4, 2017).

[2]  OIP processes FOIA requests for records from within certain offices, as relevant here, the Offices of the Attorney General (OAG) and Legislative Affairs (OLA).

In lieu of a joint conference report, proposed scheduling order, and case management conference, the parties propose that counsel provide periodic, written status reports to the Court concerning the status of each request with each agency as processing continues.

    Respectfully submitted,

    STEPHEN J. COX
    UNITED STATES ATTORNEY

    */s/ Andrea L. Parker*
    ANDREA L. PARKER
    Assistant United States Attorney
    Texas Bar No. 00790851
    350 Magnolia Avenue, Suite 150
    Beaumont, Texas 77701-2237
    Tel:   (409) 839-2538
    Fax:  (409) 839-2643
    Email:  andrea.parker@usdoj.gov

    */s/ Ty Odell Clevenger (with permission)*
    TY ODELL CLEVENGER
    Attorney at Law
    P.O. Box 20753
    Brooklyn, NY   11202-0753
    Tel:   (979) 985-5289
    Fax:  (979) 530-9523
    Email: tyclevenger@yahoo.com