IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, § | | |
| § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION No. 4:20CV467 | |
| v. § | | |
| § | | |
| U.S. DEPARTMENT OF JUSTICE, § | | |
| ET AL., § | JUDGE SEAN D. JORDON | |
| § | | |
| Defendants. § | | |

**DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION'S MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant United States Department of Justice Criminal Division ("DOJ CRM") moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to properly exhaust administrative remedies.

I.

**INTRODUCTION**

Plaintiff's claims against DOJ CRM in this lawsuit arise out of two FOIA requests that were submitted to DOJ CRM, dated October 26, 2018, and June 11, 2020.  Plaintiff failed to submit timely administrative appeals of either request.   Thus, Plaintiff has failed to properly exhaust administrative remedies against DOJ CRM, and DOJ CRM is due to be dismissed from this lawsuit for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

II.

**STATEMENT OF ISSUE**

Plaintiff failed to properly exhaust administrative remedies by failing to timely file administrative appeals of the two FOIA requests submitted to DOJ CRM.

III.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**October 26, 2018 FOIA Request**

1.By email dated October 26, 2018, Plaintiff submitted a FOIA request to DOJ CRM for records related to five named third parties that were the subject of a U.S. House of Representatives investigation.  [Attachment 1: Declaration of Drew Lavine, Exhibit A].

2.By email and letter dated November 9, 2018, the DOJ CRM Freedom of Information Act/Privacy Act ("FOIA/PA") Unit assigned request number CRM-300684967 to Plaintiff's first request.   In the same letter, DOJ CRM advised Plaintiff that his request was misdirected because it sought records maintained by the Executive Office of the United States Attorneys (EOUSA). Plaintiff's FOIA request does not seek records relating to DOJ CRM. Instead, his request is for records which pertain to EOUSA. The FOIA/PA Unit notified Plaintiff that DOJ CRM routed the request to EOUSA and administratively closed the request file within the FOIA/PA Unit. [Attachment 1: Declaration of Drew Lavine, Exhibits B and C].

3.In addition, Plaintiff was advised in the letter that if he was not satisfied with the response to his request, he had ninety (90) days from the date of the response to

file an administrative appeal with the Office of Information Policy (OIP). [Attachment 1: Declaration of Drew Lavine, Exhibit C].

4. On November 9, 2018, the Criminal Division routed Plaintiff's request to EOUSA. [Attachment 1: Declaration of Drew Lavine, Exhibits D and E].

5. Plaintiff never filed an administrative appeal of the October 26, 2018 FOIA Request.

### June 11, 2020 FOIA Request

6. By email dated June 11, 2020, Plaintiff submitted a FOIA request to the DOJ CRM seeking records disclosed by the FBI in another FOIA litigation, *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 1:18-cv-02563.  The request at issue in the *Judicial Watch, Inc.* FOIA litigation identified by Plaintiff pertains to the named third parties identified in Plaintiff's first request. [Attachment 1: Declaration of Drew Lavine, Exhibit F].

7. The FOIA/PA Unit assigned request number CRM-301229808 to Plaintiff's second request.

8. On August 9, 2020, the FOIA Unit conducted searches of its electronic filing system and shared drive to locate any records potentially responsive to Plaintiff's request.  Those searches did not identify any records responsive to Plaintiff's second request.

9. By email and letter dated August 25, 2020, the FOIA/PA Unit advised Plaintiff that DOJ CRM did not possess records responsive to his second request. [Attachment 1: Declaration of Drew Lavine, Exhibits G and H].

10. In addition, Plaintiff was advised in the letter that if he was not satisfied with the response to his request, he had ninety (90) days from the date of the response to file an administrative appeal with the Office of Information Policy (OIP). [Attachment 1: Declaration of Drew Lavine, Exhibit H].

11. Plaintiff never filed an administrative appeal of the June 11, 2020 FOIA Request.

12. On June 12, 2020, Plaintiff filed the complaint in the instant case. [Dkt. 1]. On July 20, 2020, Plaintiff filed an amended complaint. [Dkt. 5].

## IV.

## STATEMENT OF LAW

Before seeking judicial review of an adverse determination, a FOIA requester must first submit a timely administrative appeal. 28 C.F.R. §16.8. Exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA. *See Oglesby v. Dep't of the Army,* 920 F.2d 57, 61–64 (D.C.Cir.1990). This means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response. *See id.* at 65 n. 9. If the requester did not timely appeal through the agency's internal processes, a court is deprived of subject-matter jurisdiction to review any lawsuit and must dismiss. *See Kessler v. United States,* 899 F.Supp. 644, 645 (D.D.C.1995).

## V.

## ARGUMENT

DOJ regulations require FOIA requesters to administratively appeal agency responses within 90 days of receipt of the agency's response.  In both of its responses to Plaintiff's requests, the FOIA/PA Unit advised Plaintiff of his administrative appeal rights and provided instructions for submitting an administrative appeal.  The Plaintiff did not administratively appeal the FOIA/PA Unit's response to either request, meaning Plaintiff failed to properly exhaust administrative remedies.  As such, this Court must dismiss Plaintiff's claims against DOJ CRM for lack of jurisdiction.

## VI.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court grant the Defendant's motion and dismiss Plaintiff's claims against Defendant DOJ CRM.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
350 Magnolia Avenue, Suite 150
Beaumont, Texas   77701-2237
Tel:    (409) 839-2538
Fax:    (409) 839-2643
Email:   andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
