UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT | § § | |
| v. | § § | CIVIL NO. 4:20-CV-00467-SDJ-CAN |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § § | |

## SCHEDULING ORDER REGARDING NON-FBI REQUESTS

The Court, after reviewing the proposed scheduling order for this FOIA case [Dkt. 24], enters this case-specific order which controls disposition of this action as to ***all non-FBI requests*** pending further order of the Court. The following actions shall be completed by the dates indicated.[1]  A further separate scheduling order will be forthcoming regarding all FBI requests.

## DEADLINES

| | |
|---|---|
| 9/1/2021 | Deadline for all final production and responses. |
| 9/30/2021 | Plaintiff's deadline to identify challenged final responses. |
| 10/29/2021 | Defendants' deadline to produce Vaughn Index. |
| 12/3/2021 | Defendants' Motion for Summary Judgment. |
| 1/7/2022 | Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. |
| 1/21/2022 | Defendants' Reply and Opposition to Plaintiff's Cross-Motion for Summary Judgment. |
| 2/4/2022 | Plaintiff's Reply to Defendants' Opposition to Plaintiff's Cross-Motion for Summary Judgment. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first business day following the deadline imposed.

## SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2).

<u>Disclosure</u>. The parties are reminded of the requirement, set out in this Court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Federal Rule of Civil Procedure 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the information required to be disclosed by order of this Court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

<u>Electronic Discovery</u>. Electronically stored information will be produced in hard copy form or multi-page TIFF format, unless the parties agree otherwise.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this Court's pre-trial order procedures.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about electronic filing, **which is mandatory,** Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order because dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the Court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendants should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the Court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including

attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Plano. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If necessary, the parties should notify the Court if assistance is needed in selecting a mediator.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need *not* wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

**SIGNED this 24th day of May, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE