IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 4:20CV467 |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, et al., | § | JUDGE SEAN D. JORDAN |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S OBJECTION TO SCHEDULING ORDER PROPOSED BY DEFENDANT FEDERAL BUREAU OF INVESTIGATION**

NOW COMES the Plaintiff, objecting to the FBI's proposed scheduling order for the reasons set forth below:

**<u>Background</u>**

At the May 24, 2021 hearing, the Plaintiff objected to the 500 page-per-month production schedule proposed by the FBI. At the Court's direction, the Plaintiff is now providing authority in support of that objection.

One of the Plaintiff's record requests was submitted in 2018, and the others were submitted almost one year ago. *See* First Amended Complaint (Doc. No. 5) ¶¶9, 13, 14, 16 and 17. To date, the FBI has partially produced records in the 2018 request. While it might initially appear from the joint status report that the FBI is proposing to produce 13,202 pages over the next 27 months, in reality the FBI proposed a partial stay with respect to some of the records: "The FBI proposes submitting a production schedule for FBI when the FBI requests are fully processed and final." May 17, 2021 Joint Status

Report (Doc. No. 24) 3. In other words, it would seem from the joint status report that the FBI wants a stay to "process" the remaining pages, after which it would start producing records at the rate of 500 pages per month.

In a May 17, 2021 email, the government clarified that the 13,202 pages are related to the FOIA requests found in Paragraphs 9, 13, and 14 of the First Amended Complaint. *See* May 17, 2021 Email from Andrea Parker to Ty Clevenger (Exhibit 1).[1] If one compares that email with the docket in *Judicial Watch v. U.S. Department of Justice*, Case No. 1:18-CV-02563 (D.D.C.), it appears that the FBI is *already* producing records at a rate of 500 pages per month in that case, where Judicial Watch sought the same records. *See* Complaint (Doc. No. 1), Judicial Watch, Case No. 1:18-CV-02563, http://foiaproject.org/dc_view/?id=5031522-DC-1-2018cv02563-complaint. In fact, the judge presiding over that case previously expressed considerable frustration at the FBI's delays in producing documents to Judicial Watch. *See, e.g.*, Mark Tapscott, "Federal Judge Orders Justice Department to Explain Why Awan Documents Are Being Kept Secret," January 14, 2020 *The Epoch Times*, https://www.theepochtimes.com/federal-judge-orders-justice-department-to-explain-why-awan-documents-are-being-kept-secret_3204055.html.

---

[1] As witnessed by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the laws of the United States that Exhibit 1 contains true and correct copies of emails exchanged between himself and Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants.

## Argument

"The purpose of FOIA 'is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'" *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 268 (D.D.C. 2014) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978)). In both *Clemente* and *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241 (D.D.C. 2017), the U.S. District Court for the District of Columbia rejected the FBI's request to produce records at the rate of only 500 pages per month. Both requestors sought records related to corruption in the FBI, which the court found were matters of significant public importance and interest. In *Clemente*, the court ordered the FBI to produce records at a rate of 5,000 pages per month, 71 F.Supp. 3d at 269, and in *Seavey* the court ordered the FBI to produce records at a rate of 2,850 pages per month. 266 F. Supp. at 248.

The FBI routinely and reflexively claims that it is overburdened and lacks sufficient manpower, therefore FOIA cases (1) need to be stayed indefinitely, and / or (2) when the stay is lifted, records can only be produced at the rate of 500 pages per month. *See, e.g., Daily Caller News Found. v. Fed. Bureau of Investigation*, 387 F. Supp. 3d 112 (D.D.C. 2019).[2] Normally, the FBI produces an affidavit in support of such a claim, *id*. at 117, although none has been produced in this case. Accordingly, there is no factual basis

---

[2] The COVID pandemic struck after the Daily Caller decision, of course, so that lends some credence to the idea that the FBI might need more time. *See, e.g., Huddleston v. Fed. Bureau of Investigation*, 4:20-CV-447, 2021 WL 327510 (E.D. Tex. Feb. 1, 2021). Nonetheless, the FBI needs to produce detailed evidence in support of such a request. *Seavey*, 266 F. Supp. at 246-247.

from which to conclude that the FBI needs a stay to "process" more records before it finally starts to produce them at a rate of 500 pages per month. Even in *Daily Caller*, where the FBI did produce a supporting affidavit, the Court rejected the FBI's request for an indefinite stay. After analyzing that affidavit at length, *id*. at 117-121, the Court found "that the FBI has not shown exceptional circumstances or made sufficient progress in reducing its backlog to warrant [a]… stay." *Id*. at 121. Accordingly, to the extent that the FBI is seeking a *de facto* stay in this matter, that request should be rejected.[3]

Likewise, to the extent that the FBI wants credit in this case for meeting its 500-page-production requirement in another case, *i.e.*, *Judicial Watch v. U.S. Department of Justice*, that request should be rejected. In *Seavey*, the Court rejected the FBI's argument that it should be able to consolidate all requests from the plaintiff as a single request, then produce records for all of those requests at a rate of 500 pages per month. 266 F. Supp. at 248.[4] Similarly, the government should not be able to claim credit for producing records that it is already obligated to produce in another case, thereby giving itself a 27-month delay (to produce 13,202 pages in *Judicial Watch*) before producing any records unique to this case. Instead, each of the Plaintiff's request should be treated as separate requests. *Seavey*, 266 F. Supp. at 248. Furthermore, as in *Clemente* and *Seavy*, the Plaintiff in this case is seeking records related to potential government corruption. Consider, for example,

---

[3] If the FBI is able to produce a production schedule within 30 days as suggested in the May 17, 2021 email (Exhibit 1), that delay is entirely reasonable and the Plaintiff has no objection.
[4] If the FBI wants to limit production to 500 pages per month, it should at least produce a supporting affidavit that answers the questions raised by Judge Kessler in *Seavey*. 266 F. Supp. at 246-247.

the records sought in Paragraph 16 of the First Amended Complaint, none of which pertain to the records that the FBI is already obligated to produce at a rate of 500 pages per month in *Judicial Watch*.

Matters pertaining to "Russian collusion" and the purported hacking of the Democratic National Committee dominated headlines for more than three years, resulted in the appointment of Special Counsel Robert M. Mueller, cost taxpayers nearly $32 million, and consumed much of the Presidency of Donald J. Trump. *See*, *e.g.*, May 29, 2019 Statement of Robert S. Mueller, https://www.justice.gov/opa/speech/special-counsel-robert-s-mueller-iii-makes-statement-investigation-russian-interference; "Report on the Investigation into Russian Interference in the 2016 Election," https://www.justice.gov/archives/sco/file/1373816/download; and Kevin Breuninger, "Robert Mueller's Russia probe cost nearly $32 million in total, Justice Department says," August 2, 2019 CNBC, https://www.cnbc.com/2019/08/02/robert-muellers-russia-probe-cost-nearly-32-million-in-total-doj.html. Multiple employees of the FBI and U.S. Department of Justice were credibly accused of running a corrupt, partisan, and biased investigation. *See, e.g.*, Kimberly Strassel, "The Mueller Coverup," May 7, 2020 *Wall Street Journal*, https://www.wsj.com/articles/the-mueller-coverup-11588892114; Mike Levine, "Mueller is done, but DOJ probe of alleged bias on Mueller and FBI teams is not," March 25, 2019 *ABC News* https://abcnews.go.com/Politics/mueller-doj-probe-alleged-bias-mueller-fbi-teams/story?id=61924508; and Daniel Chaitin, "Devin Nunes: Peter Strzok's 'insurance policy' was about getting into Trump campaign emails," May 14, 2019 *Washington Examiner*, https://www.washingtonexaminer.com/news/devin-

nunes-peter-strzoks-insurance-policy-was-about-carter-page-fisa-warrant. A senior FBI attorney, for example, was charged and convicted of falsifying records in order to perpetuate a bad-faith investigation of the Trump Administration. *See* August 19, 2020 Press Release, U.S. Department of Justice, "FBI Attorney Admits Altering Email Used for FISA Application During 'Crossfire Hurricane' Investigation," https://www.justice.gov/usao-ct/pr/fbi-attorney-admits-altering-email-used-fisa-application-during-crossfire-hurricane. Records of such government corruption could not be more critical to the purpose of FOIA, *i.e.*, "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'" *Clemente*, 71 F. Supp. 3d at 268.

As this Court recently observed, timeliness is critical when requestors seek records about matters of public importance. "The vague and dragged-out timeline Defendants suggest cannot be sustained without a greater showing of exceptional circumstances because 'stale information' produced pursuant to FOIA requests 'is of little value.'" *Huddleston v. Fed. Bureau of Investigation*, 4:20-CV-447, 2021 WL 327510, at *3 (E.D. Tex. Feb. 1, 2021), quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). It appears that the FBI is trying to "memory hole" records about possible FBI corruption, *i.e.*, delay production until the public and the media lose interest in "Russian collusion" and the Mueller investigation.

## Conclusion

The FBI should be directed to identify the number of pages (beyond the 13,202 pages that overlap with *Judicial Watch*) that remain to be processed and, in accordance

with the May 17, 2021 email, it should be directed to identify that number not later than June 16, 2021, *i.e.*, 30 days from the May 17, 2021 email. In no circumstance should the 500 pages produced per month in *Judicial Watch* be counted toward the pages produced in this case. Finally, after identifying the number of pages to be produced, the parties can address whether 500 pages per month is a reasonable rate in light of the public importance of the records requested by the Plaintiff.

        Respectfully submitted,

        */s/ Ty Clevenger*
        TY CLEVENGER
        Attorney at Law
        212 S. Oxford Street #7D
        Brooklyn, NY 11217
        Tel:   (979) 985-5289
        Fax:  (979) 530-9523
        Email: tyclevenger@yahoo.com

## Certificate of Service

I certify that a copy of this document was filed with the Court's ECF system on May 31, 2021, which should result in automatic service upon Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

        */s/ Ty Clevenger*
        TY CLEVENGER