IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 4:20CV467 |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, et al., | § | JUDGE SEAN D. JORDAN |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION REGARDING
SCHEDULING ORDER**

NOW COMES the Plaintiff, replying in support of his Motion Regarding Scheduling

Order Proposed by Defendant Federal Bureau of Investigation ("Motion") (Doc. No. 31):

Defendant Federal Bureau of Investigation's Response to Plaintiff's Motion Regarding

Scheduling Order ("Response")(Doc. No. 33) is boilerplate and unremarkable. The sworn

declaration of FBI Section Chief Michael G. Seidel ("Declaration")(Doc. No. 33-1) is, however,

downright astonishing. According that declaration:

1. The FBI wants to postpone this case for 26 months while it produces records **that it is
   already obligated to produce in an entirely separate FOIA lawsuit involving a
   different requestor.** *See* Declaration 7, ¶11.

2. **After** that 26-month period is over, the FBI wants to **begin** producing 495,862 pages in
   response to the Plaintiff's FOIA request about the FBI's investigation of the purported
   hacking of the Democratic National Committee in 2916. *Id*. at 7, ¶12. At the FBI's
   standard rate of processing 500 pages per month, that will take **almost 83 years**.

3. After waiting a total of **almost 85 years**, the FBI wants to finally produce a mere **three
   pages** related to surveillance of Ed Butowsky and Matt Couch. *Id*. at 8, ¶13

That's not just ridiculous, it's offensive. "Telling the requester 'You'll get the documents 15, or

eight, years from now' amounts as a practical matter in most cases to saying 'regardless of

whether you are entitled to the documents, we will not give them to you.'" *Fiduccia v. DOJ*, 185

F.3d 1035, 1041 (9th Cir. 1999); *see also Hayden v. DOJ*, 413 F. Supp. 1285, 1289 (D.D.C.

1976) (explaining that when Congress created FOIA's due-diligence requirement, it did not

intend for production to take years). In an effort to distinguish this case from *Clemente v. Fed.*

*Bureau of Investigation*, 71 F.Supp. 3d 262, 265 (D.D.C. 2014), the FBI emphasized the fact that

the requestor in that case was terminally ill. Response 3. That's not much of a distinction,

because 85 years from now *everyone* involved in this case will be terminally dead.

On page 6 of the Motion, the Plaintiff noted that it seeks records of great interest and

importance to the American public. The Plaintiff further noted the importance of timely

production of such records:

> As this Court recently observed, timeliness is critical when requestors seek records about matters of public importance. "The vague and dragged-out timeline Defendants suggest cannot be sustained without a greater showing of exceptional circumstances because 'stale information' produced pursuant to FOIA requests 'is of little value.'" *Huddleston v. Fed. Bureau of Investigation*, 4:20-CV-447, 2021 WL 327510, at *3 (E.D. Tex. Feb. 1, 2021), quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). It appears that the FBI is trying to "memory hole" records about possible FBI corruption, *i.e.*, delay production until the public and the media lose interest in "Russian collusion" and the Mueller investigation.

Motion 6. If the Plaintiff had any doubt that the FBI was trying to "memory hole" embarrassing

records, the FBI's proposed 85-year production schedule has removed that doubt. Consider the

fact that the FBI wants to delay the production of a mere *three pages* until the very end of the

lifetime-long process. Apparently the FBI is deathly afraid of revealing what's in those three

pages.[1]

---

[1] On June 17, 2021, the undersigned received a letter from the National Security Agency indicating that it intends to release records related to the FBI's illegal surveillance of 16,000 Americans. *See* Ty Clevenger, "National Security Agency to release records about Americans illegally spied on by FBI, June 17, 2021 *LawFlog*, https://lawflog.com/?p=2492 and Zachary Steiber, "NSA Agrees to Release Records on FBI's Improper Spying on 16,000 Americans," June 19, 2021 *The Epoch Times*, https://www.theepochtimes.com/mkt_app/nsa-agrees-to-release-records-on-fbis-improper-spying-on-16000-americans_3865431.html. The FBI has fought against production of those records, *id.*, but the Plaintiff expects the NSA to produce additional evidence regarding the FBI's illegal surveillance of

The FBI argues that there has been no finding that it violated FOIA in this case, therefore *Seavey v. Dep't of Justice*, 266 F.Supp. 3d 241 (2017) is distinguishable. While it may be true that no such finding has been made yet, the FBI's argument is ultimately misleading. As a preliminary matter, no FOIA suit can be maintained unless the U.S. government is violating FOIA, *e.g.,* by failing to make a timely response. "The Court's jurisdiction under FOIA is dependent upon a showing that an agency improperly withheld agency records." *Lopez v. Nat'l Archives & Records Admin*., 301 F. Supp. 3d 78, 87–88 (D.D.C. 2018), citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980); *see also* 5 U.S.C. § 552(a)(4)(B). The Defendants did not challenge jurisdiction in this case because they knew they had not made a timely response to the Plaintiff's FOIA requests, ergo they have conceded that they have already violated FOIA. Furthermore, the Plaintiff has attached as Exhibit 1 the June 15, 2021 Motion for In Camera Review (Doc. No. 28) from *Huddleston*, which outlines extraordinary bad faith and FOIA violations in that closely-related case.[2] As explained in that motion, Mr. Huddleston sought records about murdered Democratic National Committee ("DNC") employee Seth Rich, and specifically records about whether Mr. Rich (rather than Russian agents) was responsible for transferring DNC emails to Wikileaks. In this case, every outstanding request pertains in some way to the same subject matter. The request for records about Imran Awan, for example, is largely related to allegations that he was handling

---

Ed Butowsky and Matt Couch, *i.e*., beyond the three pages that the FBI has acknowledged in this case. As the Court can see from Exhibit 1, the FBI has designed its records index system to omit records that the FBI does not want to release.

[2] The Plaintiff requests that the Court take judicial notice of that document as well as its exhibits. As witnessed by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this reply are true and correct copies of the documents that he represents them to be. Mr. Clevenger further declares that he uploaded the documents linked to https://lawflog.com/?p=2492, and they are true and correct copies of the documents that he represents them to be.

IT matters for the DNC at the time the emails were leaked. *See* Veronica Stracqualursi and Jessica Schneider, "Trump to DOJ: Don't let Debbie Wasserman Schultz, aide, 'off the hook'," June 7, 2018 CNN, https://www.cnn.com/2018/06/07/politics/trump-debbie-wasserman-schultz-it-aide-imran-awan/index.html. Likewise, the request for records about FBI surveillance of Ed Butowsky and Matt Couch arises from their public questioning of the FBI narrative about the DNC email leaks. *See, e.g.,* Marwa Eltagouri, "Brother of slain DNC staffer sues right-wing activists, newspaper over conspiracy theories," March 28, 2018 *The Washington Post*, https://www.telegram.com/news/20180328/brother-of-slain-dnc-staffer-sues-right-wing-activists-newspaper-over-conspiracy-theories. Given all of the bad faith set forth in Exhibit 1, it should come as no surprise that the FBI wants to delay production for 85 years.

In *Huddleston*, Judge Amos Mazzant noted the vagueness of the declaration submitted by Mr. Seidel in that case, 2021 WL 327510, at *3, and the undersigned has observed that Mr. Seidel and his predecessor, David M. Hardy, followed the same pattern in numerous other cases. *See, e.g., Sealey*, 266 F. Supp.3d at 247 and *Elec. Priv. Info. Ctr. v. F.B.I.*, 933 F.Supp.2d 42, 48 (D.D.C. 2013). That pattern continues in this case. In its Motion, the Plaintiff argued that if the FBI wants to claim it is too overburdened to process records beyond the rate of 500 pages per month, then it should at least address the questions raised by Judge Gladys Kessler in *Sealey*, 266 F.Supp.3d at 246-247. Motion 4, n. 5. Unsurprisingly, Mr. Seidel ignored those questions and instead offered the same old vague boilerplate about the general rationale behind the 500-pages-per-month policy. Incidentally, the Plaintiff has tried without success to get a copy of this

purported policy.[3] Other questions remain unanswered: Is the FBI still backlogged by COVID? If so, how big is the backlog? How long will it take to work through the backlog?

Finally, the FBI states that the Court "considered the exact [same] issue" in *Huddleston* and ruled in the FBI's favor. Response 2. That statement is misleading at best. In *Huddleston*, the FBI originally asked for a minimum of 3-4 years and possibly as much as 70 years to produce an undisclosed number of documents, and the Court rejected that request.  2021 WL 327510, at *3. Three months later, after the FBI indicated that it only wanted a few additional months to produce 1,563 responsive pages, *see* Defendants' Second Motion to Stay Scheduling Order Deadlines (Doc. No. 21) 2, *Huddleston*, Case No.  4:20-cv-00447, the Court granted the FBI's request. *Huddleston*, 2021 WL 1837548, at *3. The current proposal from the FBI in this case is akin to its original proposal in *Huddleston* at the time of the February 1, 2021 order, *i.e.*, when the Court rejected a vague production schedule that could take anywhere from three to 70 years.[4] One more factor distinguishes the cases, and it is entirely the fault of the undersigned. In *Huddleston*, the undersigned was not aware of the various cases wherein courts rejected the FBI's boilerplate arguments about its 500-pages-per-month policy. The undersigned has since done his homework, and he will not make the same mistake twice.

---

[3] On May 25, 2021, the Plaintiff asked questions about the purported policy and requested a copy of it, but the FBI still has not produced a copy. *See* May 25, 2021 Email String Between Ty Clevenger and Andrea Parker (Exhibit 2). Nonetheless, Mr. Seidel has confirmed in his declaration that the FBI discriminates against litigants who combine multiple FOIA requests into one complaint, *i.e.*, by producing only 500 pages per month for the entire case.[3] Declaration 5, ¶9. That cannot be squared with the court's holding in *Seavey*, 266 F. Supp. at 248.

[4] The Plaintiff suspects the FBI will try to submit a new and improved declaration from Mr. Seidel in a surreply, but the Court should reject that. *See, generally, Houser v. LTD Fin. Services LP*, 4:19-CV-01552, 2021 WL 68178, at *4 (S.D. Tex. Jan. 7, 2021)("Arguments raised for the first time in a reply brief are waived"). If the FBI wants to further explain itself, the Court should order Mr. Seidel to appear (perhaps by Zoom) and testify at a hearing, where he can be subject to cross-examination.

## Conclusion

The FBI's proposed production schedule is objectively unreasonable, and it is contrary to established law in this Court as well as other jurisdictions. If the FBI wants to further clarify its proposed production schedule or offer a new one, then the Court should order Mr. Seidel to appear and testify at a hearing, where he will be subject to cross-examination.

Respectfully submitted,

*/s/ Ty Clevenger*
TY CLEVENGER
Attorney at Law
212 S. Oxford Street #7D
Brooklyn, NY 11217
Tel:     (979) 985-5289
Fax:     (979) 530-9523
Email: tyclevenger@yahoo.com

## Certificate of Service

I certify that a copy of this document was filed with the Court's ECF system on June 21, 2021, which should result in automatic service upon Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

*/s/ Ty Clevenger*
TY CLEVENGER