IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 4:20CV467 |
| | § | |
| v. | § | |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, et al., | § | JUDGE SEAN D. JORDAN |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S PROPOSED PRODUCTION SCHEDULE IN RESPONSE TO THE COURT'S ORDER (Doc. No. 35)**

NOW COMES the Plaintiff, responding to the Court's June 21, 2021 Order (Doc. No. 35) regarding a production schedule:

### Introduction

The Plaintiff concurs with the FBI's proposal to produce three pages regarding surveillance of Matt Couch and Ed Butowsky within 30 days. The Plaintiff further concurs with the FBI's proposal to produce documents regarding Imran Awan, et al. at the same rate it is obligated to produce them in *Judicial Watch v. U.S. Department of Justice*, Case No. 1:18-CV-02563 (D.D.C.), *i.e.*, 500 pages per month.[1] The remaining proposal from the FBI is absurd.

---

[1] The Court may recall that the FBI never disclosed the fact that it was *already* obligated to produce 500 pages per month in *Judicial Watch*. The Plaintiff obtained that information via his counsel's independent investigation, and the Plaintiff disclosed that fact to the Court on June 2, 2021 (Doc. No. 31). Even after that disclosure, the FBI proposed delaying production of *all other documents in this case* until after it produced the documents that it was *already* obligated to produce in *Judicial Watch*. (Doc. Nos. 33-1 and 34). The Plaintiff welcomes the FBI's retreat from that indefensible position.

Page 1

**Argument**

The Plaintiff incorporates by reference his June 2, 2021 Motion Regarding Scheduling Order Proposed by Defendant Federal Bureau of Investigation (hereinafter "Motion")(Doc. No. 31) and the June 21, 2021 Plaintiff's Reply in Support of Motion Regarding Scheduling Order (hereinafter "Reply")(Doc. No. 34). As set forth in those documents, the subject matter of the Plaintiff's request is one of extraordinary national interest. Former President Donald Trump has hinted that he may run for reelection in 2024, *see, e.g.,* Samuel Chamberlain, "Trump says he's made a decision on whether to run in 2024," June 30, 2021 *New York Post*, https://nypost.com/2021/06/30/trump-has-made-a-decision-on-whether-to-run-in-2024/, and the documents sought by the Plaintiff are acutely relevant to whether Donald Trump "colluded" with Russian agents or whether he was framed by the FBI. Obviously, the public will want to answer those questions before the 2024 elections.

Notwithstanding the overwhelming public interest in <u>timely</u> disclosure of the relevant documents, *see Huddleston v. Fed. Bureau of Investigation*, 4:20-CV-447, 2021 WL 327510, at *3 (E.D. Tex. Feb. 1, 2021)("'stale information' produced pursuant to FOIA requests 'is of little value'"), quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), the FBI still proposes to slow-walk production of the documents *for more than 80 years*. See Second Declaration of Michael G. Seidel (Doc. No. 36-1). Let's put that in perspective. If the Freedom of Information Act had existed in 1941, and the Plaintiff had requested records about whether President Franklin D. Roosevelt had advance warning about the bombing of Pearl Harbor, the public obviously would have had an interest in obtaining that information prior to the 1944 Presidential election. Suppose, however, that the U.S. Government had been ordered to produce 495,862 responsive pages at a rate of only 500 pages per month. In that case, the

Government would *still* be producing records about Pearl Harbor and would not finish until some time around July of 2024.

The FBI's proposal is utterly indefensible. "Telling the requester 'You'll get the documents 15, or eight, years from now' amounts as a practical matter in most cases to saying 'regardless of whether you are entitled to the documents, we will not give them to you.'" *Fiduccia v. DOJ*, 185 F.3d 1035, 1041 (9th Cir. 1999); *see also Hayden v. DOJ*, 413 F. Supp. 1285, 1289 (D.D.C. 1976) (explaining that when Congress created FOIA's due-diligence requirement, it did not intend for production to take years).  Furthermore, the Plaintiff twice cited *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 246-247 (D.D.C. 2017) for the premise that the FBI needed to provide *detailed* information about why production should take so long. *See* Motion 4, n.5 and Reply 4. Despite that clear "heads up," the latest declaration from Mr. Seidel made no attempt whatsoever to address the issue. Instead, Mr. Seidel offered more perfunctory boilerplate to the effect that "we're the FBI and we only produce 500 pages per month."

Finally, the FBI's request that "the Court order the parties to negotiate to reduce the volume of material responsive to this request" is completely disingenuous. On June 24, 2021, Plaintiff's Counsel wrote to Defendants' Counsel "to ask about the 495k pages that the FBI identified as potentially responsive." *See* June 24, 2021 Email from Ty Clevenger to Andrea Parker (Exhibit 1).[2] "In the *Huddleston* case, the 50k was quickly whittled down to 1,500, and I'm wondering if the same could be true with the 495k." *Id*.  The email was referring to *Brian Huddleston v. Federal Bureau of Investigation*, which is currently pending before this Court as Case No. 4:20-cv-00447-ALM. In a motion to stay filed in *Huddleston* on December 16, 2020

---

[2] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that the exhibits to this document are true and correct copies of the documents that he represents them to be.

(Exhibit 2), the FBI initially stated that its search found approximately 20,000 pages[3] that were potentially responsive. The Court denied the FBI's motion to stay, *see Huddleston v. Fed. Bureau of Investigation*, 4:20-CV-447, 2021 WL 327510 (E.D. Tex. Feb. 1, 2021), and by April 8, 2021, the FBI had "whittled down" the original 20,000 pages to 1,563 responsive pages. *See* Defendants' Second Motion to Stay Scheduling Order Deadlines (*Huddleston* Doc. No. 21, attached as Exhibit 3).

The undersigned is at an extreme disadvantage because the FBI controls all relevant information, and he sent the June 24, 2021 email for the express purpose of trying to narrow down the number of responsive documents. If, for example, the FBI needed another 60 days in this case to perform whatever narrowing technique it used in *Huddleston*, then the Plaintiff would not have objected. In a June 29, 2021 email, however, Defendants' Counsel refused to answer the question about whether the 495,862 could be "whittled down" as the responsive records were in *Huddleston*. *See* June 29, 2021 Email from Andrea Parker to Ty Clevenger (Exhibit 4). In an email sent *this morning*, Defendant's Counsel wrote, "[A]s to the 495K pages, the only way that can be 'whittled down' is if you are willing to narrow the scope of your request to reduce the volume of potentially responsive material." *See* July 6, 2021 Email from Andrea Parker to Ty Clevenger (Exhibit 5). "Is that something you are willing to do?" *Id*. Unfortunately, Mr. Seidel's second affidavit has not answered the Plaintiff's original question, *i.e.*, whether the FBI is capable of doing some sort of initial narrowing as it did in *Huddleston*.[4] Instead, the FBI was (and is) being disingenuous and evasive, expecting both the Plaintiff and this Court to make

---

[3] In his email to Ms. Parker, the undersigned mistakenly wrote "50k" rather than "20k."

[4] Neither the Plaintiff nor Plaintiff's Counsel are criticizing Ms. Parker, as she is obligated to follow the directions of her client. The obstruction and bad faith in this case lie squarely at the feet of the FBI, specifically its Office of General Counsel.

decisions without sufficient information. In the absence of such information, the Plaintiff would propose that the Court order the FBI to produce documents at whatever monthly rate is necessary to finish production not less than nine months before the November 5, 2024 Presidential election. That nine-month period would provide at least a small window for the Plaintiff to challenge the excessive and improper redactions that the FBI invariably makes in all of its productions. If the FBI wants to provide more details or argue further about its proposed production schedule, then the Plaintiff would move the Court to conduct a hearing and order Mr. Seidel to appear and testify rather than submit another evasive, unresponsive declaration.

## Conclusion

The FBI should be ordered to produce all three pages related to Mr. Couch and Mr. Butowsky within 30 days of the Court's order. The FBI should continue producing documents related to Imran Awan, et al. at a rate of 500 pages per month. The FBI should be ordered to complete production of all remaining documents not later than February 5, 2024.

Respectfully submitted,

*/s/ Ty Clevenger*
TY CLEVENGER
Attorney at Law
212 S. Oxford Street #7D
Brooklyn, NY 11217
Tel:   (979) 985-5289
Fax:   (979) 530-9523
Email: tyclevenger@yahoo.com

## Certificate of Service

I certify that a copy of this document was filed with the Court's ECF system on July 6, 2021, which should result in automatic service upon Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

*/s/ Ty Clevenger*
TY CLEVENGER