IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 4:20-cv-467

## <u>DECLARATION OF KARA CAIN</u>

Pursuant to 28 U.S.C. § 1746, I, Kara Cain, declare the following to be a true and correct statement of facts:

1.      I am an Attorney-Advisor with the Freedom of Information Act/Privacy Act ("FOIA/PA") staff of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). In my capacity as Attorney-Advisor, I act as a liaison with other divisions of DOJ in responding to requests and litigation filed under both FOIA, 5 U.S.C. § 552, and the Privacy Act of 1972, 5 U.S.C. §552a. I also review FOIA/PA requests for access to records located in this office and the 94 districts of the United States Attorney's Offices ("USAOs") and the case files arising therefrom, review correspondence related to requests, review searches conducted in response to requests, and prepare EOUSA responses to ensure compliance with FOIA/PA regulations, 28 C.F.R. §§ 16.3 *et. seq.* and §§ 16.40 *et seq.*, and 5 U.S.C. § 552 and 5 U.S.C. § 552a.

2.      Due to the nature of my official duties as Attorney-Advisor, I am familiar with the procedures followed by this office in responding to the FOIA requests made to EOUSA by

Plaintiff, The Transparency Project. Additionally, I have reviewed the complaint which this Declaration addresses. I prepare this Declaration in connection with Defendant's Motion for Summary Judgment.

3.      The purpose of this Declaration is to provide the Court with information regarding EOUSA's efforts to respond to Plaintiff's FOIA requests. This Declaration consists of: (i) relevant correspondence related to Plaintiff's FOIA requests and EOUSA's response thereto, and (ii) information supporting the *Vaughn* Index for documents responsive to Plaintiff's FOIA requests, but partially withheld from disclosure pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6), (b)(7)(C) and in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974). Exhibit A.

4.      The statements contained in this Declaration are based upon my personal knowledge, information provided to me in my official capacity as an Attorney-Advisor, and conclusions and determinations reached and made in accordance therewith.

## ADMINISTRATIVE HISTORY

5.      EOUSA, along with five separate DOJ components, received a FOIA request dated October 26, 2018 from Plaintiff seeking documents, files, records, and communications regarding the following individuals: Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, Rao, Abbas, and Seth Rich. EOUSA acknowledged receipt of the request and assigned it request number EOUSA-2019-000496. Exhibit B.

6.      The Plaintiff did not provide authorization of release from any of the individuals outlined in the request. Absent certification which would authorize release of third-party information, EOUSA directed the United States Attorney's Office for the District of Columbia

("USAO-DC") to conduct a search for public records responsive to plaintiff's request on November 2, 2018.

7.    EOUSA Policy dictates that if a requester obtains the written authorization and consent of the third parties for release of records, the requester may submit a new request for the documents accompanied with the written authorization. EOUSA never received such authorization.

8.    EOUSA submitted a second search request for EOUSA-2019-000496 to USAO-DC on August 14, 2020.

9.    On April 16, 2021, USAO-DC provided EOUSA FOIA/PA Office with public records responsive to the request.

10.    EOUSA provided its final response for EOUSA-2019-000496 on June 25, 2021. The final disposition consisted of eight pages released in full and ten pages released in part. Exhibit C.

11.    EOUSA was made aware of a second FOIA request dated June 11, 2020, via this litigation. The request was submitted as a follow-up request. EOUSA assigned the request number EOUSA-2020-004715. The request sought the records that the Federal Bureau of Investigation ("FBI") provided to Judicial Watch in *Judicial Watch v. Department of Justice* 1:18-cv-02563.

12.    Since any records provided in response to *Judicial Watch v. Department of Justice* would have been released by FBI, it was determined that the request was under the purview of the FBI. A *Misdirected Request Letter* was submitted to the requester on January 12, 2021, and the request was subsequently closed. Exhibit D.

## ADEQUACY OF THE SEARCH

13.     An agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."[1] The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."[2]

14.     Request EOUSA-2019-000496 sought information regarding the U.S. House of Representatives investigation into Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, Rao, Abbas, and Seth Rich. Any records pertaining to a criminal investigation of  said individuals, would be maintained by USAO-DC since the prosecution took place in the District of Columbia. Each USAO maintains the case files for criminal matters prosecuted by that office. USAO-DC is the only office likely to have responsive records.

15.     Cases are opened, updated, and saved under the name of the defendant. Any associated records or matters would be located upon a search of a defendant's name. Any co-defendants would be added under the case management feature of the database. In the electronic case folder, each co-defendant would have their own sub-folder with associated records.

---

[1] Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting Oglesby v. U.S. Dep't of the Army, 920 f.2d 57, 68 (D.C. Cir 1990)); see e.g., Stalcup v. CIA, 768 F3rd 65, 74 (1st Cir. 2014) (noting that resolution of search claim "turns on whether the agency made a good faith, reasonable effort 'using methods which can be reasonably expected to produce the information requested'" (quoting Oglesby ,920 F.2d at 68)).

[2] Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir 1994) (quoting Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); see Citizens Comm'n on Human Rights, 45 F3rd at 1328 (same); Nation Magazine, 71 F.3d 892 n.7 (explaining that "there is no requirement that any agency [locate] all responsive documents"); Ethyl Corp. v. EPA, 25 F.3d 1241, 1246 (4th Cir. 1994) ("In judging the adequacy of an agency search for documents the relevant question is not whether every single potentially responsive document has been unearthed."); In re Wade , 969 F. 2d 241, 249 n.11 (7th Cir. 1992) (declaring that the issue is not whether other documents might exist, but whether the search was adequate);

16.     The USAO-DC FOIA contact organized a search for records responsive to Plaintiff's FOIA request.

17.     The search was initiated by reviewing the online case management system using the names and subject matter provided in the original request.

18.     The online tracking system utilized by the USAOs is CaseView. The CaseView database is used to track cases and retrieve files related to cases and investigations by using district court case numbers, defendants' name, and the internal number assigned by each USAO.

19.     After a search of CaseView, on April 16, 2021, USAO-DC provided EOUSA FOIA/PA Office with unsealed, public records responsive to the request.

### EOUSA'S JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA EXEMPTION 5 U.S.C. § 552(b)(6), (b)(7)(C)

20.     Plaintiff requested criminal records concerning third parties. To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6) & (b)(7)(C). Because any non-public records responsive to the request would be categorically exempt from disclosure, this Office is not required to conduct a search for non-public records. In this case, instead of a complete third-party denial of records under Exemptions (b)(6) and (b)(7)(C), public records were searched and provided to Plaintiff.

21.     Exemption 6 protects from disclosure of records related to "personnel and medical files and similar files" the disclosure of which would constitute a clearly

unwarranted invasion of personal privacy. The term "similar files" is broadly construed to include "[g]overnment records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. Fed. Deposit Ins.Corp.*, 164 F.3d 37, 47 (D.C. Cir. 1999). In assessing the applicability of Exemption 6, courts weight the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would [cause] a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46; *Chang v. Dep't of Navy*, 314 F. Supp. 2d 35, 43 (D.D.C. 2004). Plaintiff bears the burden of establishing that disclosure will advance the public interest. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 158 (2004). "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties or otherwise let citizens know 'what their government is up to.'" *Lepelletier*, 164 F.3d at 47; *Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993). "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purposes."

22.     In this instance the information being protected from public disclosure consists of third-party names, personal email addresses, and DOJ employee names. Such information provides more insight into said third parties than government activities. There has been no showing of public interest in the records requested.

23.     Similarly, Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes" to the extent that production of the law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Law enforcement,

within the meaning of FOIA Exemption 7, includes enforcement pursuant to both civil and criminal statutes. *See, e.g., Tax Analysts v. Internal Revenue Service*, 294 F.3rd 71, 76-77 (D.C. Cir. 2002).

24.     In applying Exemption 7(C), the court "balance[s] the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Courts recognize that there is considerable stigma inherent in being associated with law enforcement proceedings, and accordingly "do [ ] not require a balance tilted emphatically in favor of disclosure" when reviewing 7(C) exemption claims.  *Bast v. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir.1981).

25.     For purposes of both Exemptions 6 and 7(C), the information that is being withheld consists of third-party information, and DOJ employee names.

26.     Public identification of government personnel involved in criminal investigations could subject them to harassment both in the conduct of their official duties and their private lives. Similarly, individuals- whether targets, suspects, or witnesses- have a strong interest in not being unfairly associated publicly with alleged criminal activity. The mention of a private individual's name in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose the individual to harassment or criticism. In the underlying matter in particular, several measures were taken by the court to seal pleadings to protect third parties, and to prevent harassment of the associated families.

27.     These individuals also have a substantial privacy interest in avoiding disclosure of their personal information in the requested documents. For purposes of both

Exemption 6 and 7(C), the release of personally identifiable information could subject the users to an unwarranted invasion of their personal privacy by leading to efforts to contact them directly, gain access to their personal information, or subject them to harassment or harm. There is no countervailing public interest that warrants the release of an individual's personally identifiable information, and its dissemination would not help explain the government's activities or operations. The need to protect an individual's privacy rights far outweighs any public need for the disclosure of the users' personally identifiable information. A release of records via FOIA, is not just a release to Plaintiff, but constructively to the world. Even a diminished privacy interest would outweigh the absence of any cognizable public interest identified by Plaintiff.

28.     The information protected under Exemptions 6 and 7(C) is described in the *Vaughn* Index, attached hereto as Exhibit A.

## <u>SEGREGABILITY</u>

29.     All information withheld was exempt from disclosure pursuant to an applicable FOIA exemption. After EOUSA considered the segregability of the requested records, no reasonably segregable non-exempt information was withheld from Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 7th day of February, 2022.

_____

Kara Cain
Attorney-Advisor
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff

# Exhibit A

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*           *(202) 252-6020*
*175 N Street, NE*                     *FAX (202) 252-6048*
*Washington, DC 20530*

*__The Transparency Project v. Department of Justice et al.,__*
*__Docket No. 4:20-cv-467__*
*__Vaughn Index__*

<u>Legend</u>
WIF- Withhold in Full
RIF- Release in Full
RIP- Release in Part

| Page Number | Description of Record | Disclosure | Comments |
|:-----------:|:---------------------:|:----------:|:--------:|
| 1-8 | U.S. v. Imran Awan Criminal Judgment United States District Court District of Columbia | RIF | |
| 9-18 | Unsealed Affidavit in Support of Criminal Complaint Charging Imran Awan | RIP (B)(6), (B)(7)(C) | Third party names, email addresses, and DOJ employee names redacted. |

# Exhibit B

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

October 26, 2018

Office of the Attorney General                    Office of Legislative Affairs
U.S. Department of Justice                         U.S. Department of Justice
950 Pennsylvania Avenue, N.W.              950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001                    Washington, DC 20530-0001

National Security Division                          Executive Office for U.S. Attorneys
U.S. Department of Justice                         U.S. Department of Justice
950 Pennsylvania Avenue, N.W.              950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001                    Washington, DC 20530-0001

Criminal Division                                       Federal Bureau of Investigation
U.S. Department of Justice                         935 Pennsylvania Avenue, NW
950 Pennsylvania Avenue, N.W.              Washington, D.C. 20535-0001
Washington, DC 20530-0001

<u>Via electronic submission</u>

To Whom It May Concern:

      In 2017, the inspector general for the U.S. House of Representatives began investigating Imran Awan, Abid Awan, Jamal Awan, Hina Alvi, and Rao Abbas regarding mishandling of computer systems and electronic equiment. *See, e.g.*, Jenna Lifhits, "The IT guy and Wasserman Schultz," June 15, 2018, *The Weekly Standard*, https://www.weeklystandard.com/jenna-lifhits/the-strange-case-of-debbie-wasserman-schulzs-it-guy. On behalf of The Transparency Project, and as permitted by the Freedom of Information Act, I request the following information from the respective entities to whom this letter is addressed:

1. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Imran Awan.

2. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Abid Awan.

3. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Jamal Awan.

4. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Hina Alvi.

5. Documents, files, records, and communications (regardless of electronic, paper or other format) referencing Rao Abbas.

6. From the National Security Division only, I request documents, files, records, and communications (regardless of electronic, paper or other format) referencing Seth Conrad Rich or "Seth Rich," who is deceased.

Each of the numbered items above should be considered a separate request.

The Transparency Project is a nonprofit Texas corporation and intends to use all of the information requested above to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director
The Transparency Project

# Exhibit C



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*            *(202) 252-6020*
*175 N Street, NE*                      *FAX (202) 252-6048*
*Washington, DC  20530*

June 25, 2021

VIA Email: tyclevenger@yahoo.com
Ty Clevenger
The Transparency Project
P.O. Box 20753
Brooklyn, NY 11202

Re: Request Number         EOUSA-2019-000496
Date of Receipt:           October 26, 2018
Subject of Request:        Imran Awan (Public)

Dear Mr. Clevenger:

Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

Enclosed please find:

   8   page(s) are being released in full (RIF);
  10  page(s) are being released in part (RIP);
   0   page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(6)        (b)(7)(C)

This is the final action on this above-numbered request.   If you are not satisfied with EOUSA's response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal..  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

Form No. 021nofee – 12/15

<u>EXPLANATION OF EXEMPTIONS</u>

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b) (1)       (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)        related solely to the internal personnel rules and practices of an agency;

(b)(3)        specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)        trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)        inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)        personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)        records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)        contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)        geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)        information complied in reasonable anticipation of a civil action proceeding;

(j)(2)        material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)        information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)        investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)        material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)        required by statute to be maintained and used solely as statistical records;

(k)(5)        investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)        testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)        material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

# Exhibit D



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff                Suite 5.400, 3CON Building                (202) 252-6020
                                                        175 N Street, NE                      FAX (202) 252-6048
                                                        Washington, DC 20530

January 12, 2021

Ty Clevenger
The Transparency Project
P.O. Box 20753
Brooklyn, NY 11202
tyclevenger@yahoo.com

Re:        Request No. EOUSA-2020-004715
Subject:   <u>Records Provided to Judicial Watch for Case No. 1:18-cv-02563</u>

Dear Mr. Clevenger,

        The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request dated June 11, 2020. The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

        You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the <u>Federal Bureau of Investigation</u>. We have forwarded your request to them. Please contact them directly at the following address:

        Michael Seidel, Chief
        Record/Information Dissemination Section
        Records Management Division
        Federal Bureau of Investigation
        Department of Justice
        170 Marcel Drive
        Winchester, VA 22602-4843
        Phone: (540) 868-4500
        Fax: (540) 868-4997
        Online Request Form: https://efoia.fbi.gov

        This is the final action on this above-numbered request. If you are not satisfied with the Executive Office for U.S. Attorneys' determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may

submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Form No. 042A - 12/15

**U.S. Department of Justice**

Executive Office for United States Attorneys



---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

## *The Transparency Project v. Department of Justice et al.,*
## *Docket No. 4:20-cv-467*
## *Vaughn Index*

Legend
WIF- Withhold in Full
RIF- Release in Full
RIP- Release in Part

| Page Number | Description of Record | Disclosure | Comments |
|---|---|---|---|
| 1-8 | U.S. v. Imran Awan Criminal Judgment United States District Court District of Columbia | RIF | |
| 9-18 | Unsealed Affidavit in Support of Criminal Complaint Charging Imran Awan | RIP (B)(6), (B)(7)(C) | Third party names, email addresses, and DOJ employee names redacted. |