**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| The Transparency Project,<br><br>                        Plaintiff,<br>     v.<br><br>U.S. Department of Justice, et al.,<br><br>                       Defendants. | Case No. 4:20-cv-00467 |

**DECLARATION OF GREGORY M. KOCH,
CHIEF, INFORMATION MANAGEMENT OFFICE,
OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE**

I, Gregory M. Koch, declare as follows:

**I.      INTRODUCTION**

1.      I am the Chief of the Information Management Office ("IMO"), under the Chief Operating Officer for the Office of the Director of National Intelligence ("ODNI").  I have held this position since October 9, 2020.  Prior to my current position, I held various senior and supervisory roles in the ODNI, including as Deputy Director and Acting Director of IMO, Chief of Classification Management, as well as Senior Associate General Counsel for litigation in the Office of General Counsel.  In addition, I previously held other senior and supervisory roles in the Executive Branch and within the Intelligence Community ("IC"), including serving as Chief of Classification Management at the Central Intelligence Agency ("CIA"), as well as serving three years in the Executive Office of the President as Deputy Director (and Acting Director) of Access Management at the National Security Council ("NSC").  In total, I have spent over fourteen years in the U.S. Government handling and overseeing Freedom of Information Act ("FOIA"),

classification, and declassification matters, and I am recognized as a FOIA and classification/declassification subject matter expert.  Prior to my U.S. Government experience, I was a civil litigation attorney in the State of New York.  I earned a Juris Doctorate degree from St. John's University School of Law, and a Bachelor of Arts degree in Political Science from the State University of New York at Binghamton.

2.    As part of my current duties, I am responsible for facilitating the implementation of information management-related Executive orders, laws, regulations, and ODNI policy.  This function entails controlling information throughout its life cycle and includes the areas of records management, classification management and declassification, prepublication and disclosure, and responding to requests under the FOIA and the Privacy Act.  In my current capacity, I administer and manage ODNI's Classification Management and Records Management programs, which, among other things, establish and implement ODNI's classification and markings policies through the creation of directives and security classification guides, in collaboration with subject matter experts.

3.    Under a written delegation of authority by the Director of National Intelligence ("DNI") pursuant to Executive Order 13526, *Classified National Security Information*, I hold original classification authority at the "TOP SECRET" level.  *See* Exec. Order No. 13526 § 1.3(c), 75 Fed. Reg. 707, 708 (Dec. 29, 2009) ("E.O. 13526").  I am authorized, therefore, to make original classification and declassification decisions for intelligence information up to and including the TOP SECRET level.  In my current position, I am the final decision-making authority regarding the initial processing of FOIA requests for ODNI.  I am also responsible for the classification review of ODNI documents and information that may be the subject of court proceedings,

information provided to the Congress, or public requests for information under the FOIA, 5 U.S.C. § 552, as amended, as well as the Privacy Act of 1974, 5 U.S.C. § 552a, as amended.

4.     Through the exercise of my official duties, I have become familiar with the above-captioned civil action and the underlying FOIA request.  I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

5.     I submit this declaration in support of the Government's Motion for Summary Judgment.  The purpose of this declaration is to explain and justify, to the greatest extent possible on the public record, ODNI's assertion of FOIA withholdings protected by FOIA Exemptions 1, 3, 5, 6, (7)(A), (7)(C), (7)(D), and (7)(E) on behalf of both itself and other agencies based on consultations with those agencies.  *See* 5 U.S.C. §§ 552(b)(1), (3), (5), (6), (7).

## II.     RESPONSIBILITES AND AUTHORITIES OF THE DIRECTOR OF NATIONAL INTELLIGENCE

6.     Congress created the position of the DNI in the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, §§ 1011(a) and 1097, 118 Stat. 3638, 3643-62, 3698-99 (2004) (amending Sections 102 through 104 of Title 1 of the National Security Act of 1947).  The responsibilities and authorities of the DNI are set forth in the National Security Act of 1947, as amended. 50 U.S.C. §§ 3001-3234.  Subject to the authority, direction, and control of the President, the DNI serves as the head of the IC, and as the principal adviser to the President, the NSC, and the Homeland Security Council ("HSC") for intelligence matters related to the national security.  50 U.S.C. §§ 3023(b)(1), (2).  The National Security Act also created the ODNI. *Id.* § 3025(a).  The function of the ODNI is to assist the DNI in carrying out her duties and responsibilities under the National Security Act and other applicable laws, and to carry out such other duties as may be prescribed by the President or by law.  *Id.* § 3025(b).

7.      The responsibilities and authorities of the DNI include ensuring that national intelligence is provided to the President, heads of the departments and agencies of the Executive Branch, the Chairman of the Joint Chiefs of Staff and senior military commanders, and Congress. *Id.* § 3024(a)(1).  The DNI is charged with establishing "priorities, and guidance for" the IC; determining "the requirements and priorities" of the IC; and managing and directing the "tasking of, collection, analysis, production, and dissemination of national intelligence by elements of the" IC.   *Id.* § 3024(f)(1)(A).   The DNI's other duties include coordination of relations between elements of the IC and the intelligence or security services of foreign governments or international organizations on intelligence matters, and monitoring the implementation and execution of the National Intelligence Program.  *See*, *e.g*., *id.* §§ 3024(c), (k), (n).

8.      The DNI is statutorily required to "protect intelligence sources and methods from unauthorized disclosure."  *Id.* § 3024(i)(1).  Consistent with this responsibility, the DNI establishes and implements guidelines for the IC regarding the classification of information under applicable law, Executive orders, or other Presidential directives, and for access to and dissemination of intelligence.  *Id.* §§ 3024(i)(2)(A), (B).  Similarly, E.O. 12333, *United States Intelligence Activities*, as amended, mandates that the DNI "[s]hall protect, and ensure that programs are developed to protect, intelligence sources, methods, and activities from unauthorized disclosure."  Exec. Order 12333 § 1.3(b)(8), 46 Fed. Reg. 59941 (Dec. 4, 1981), as amended by Exec. Order No. 13470, 73 Fed. Reg. 45325, 453287 (July 30, 2008).

## III.    ODNI FOIA POLICY AND PROCEDURE

9.      ODNI responds to all perfected FOIA requests in compliance with FOIA and in a manner that is fair and reasonable to each requester.  Because ODNI receives hundreds of FOIA requests each year, it generally follows a "first-in, first-out" system for processing them.

4

10.     When IMO receives a FOIA request, it assigns the request an individualized case number. IMO then assesses whether intelligence information is sought and if the acknowledgment of whether or not ODNI possesses such information would itself reveal classified information or intelligence sources or methods.  Where this is not the case, IMO tasks relevant ODNI components and records custodians who are likely to have responsive records to conduct a search.  IMO may use searches conducted in response to prior or similar requests as a starting point for responding to the current request.  IMO also sends an Acknowledgment Letter to the requester acknowledging receipt of the FOIA request and indicating the assigned case number.

11.     Because ODNI assists the DNI in carrying out her duties and responsibilities as the head of the IC and the principal adviser to the President, the NSC, and the HSC for intelligence matters related to the national security, many of ODNI's records include information from other agencies who contribute to the all-source intelligence often provided by the DNI to policymakers. Therefore, when IMO locates a responsive record that contains another agency's information, IMO sends the record to that agency for consultation to help determine if the other agency's information is exempt from disclosure.  That consultation process allows the other agency to review and make determinations about their own information.  *See* E.O. 13526 § 3.6(b).  Following consultation and the final determinations made by other agencies of their information, ODNI provides the requester with documents that contain any non-exempt, reasonably-segregable responsive information. These documents may include ODNI's and other agencies' redactions, made pursuant to FOIA exemptions.  Separately, if IMO locates a responsive record that originated with another agency, that record is sent to the agency as a referral for review and direct response to the requestor.

IV.      ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST TO ODNI

12.      By email with attached letter dated June 11, 2020, Plaintiff, The Transparency Project ("TTP"), sent a FOIA request to ODNI ("Request").  A copy of the Request and transmitting email is attached as Exhibit A to this declaration.  In general, that Request sought records concerning "the removal, transfer, copying or stealing of data from Democratic National Committee … computer servers in 2016, data which was later published by Wikileaks."  Ex. A.

13.      By letter dated July 6, 2020, IMO acknowledged receipt of the Request and assigned the Request tracking number DF-2020-00296.  A copy of that letter is attached to this declaration as Exhibit B.

14.      Plaintiff filed its First Amended Complaint in this case, adding ODNI as a defendant, on July 20, 2020.

15.      By letter dated September 1, 2021, ODNI provided Plaintiff with its response, documenting that nineteen documents were withheld in full, four documents were withheld in part, and three documents were referred to other agencies.   The letter also explained that other agencies reviewed their equities within the documents and listed the exemptions claimed by those agencies. A copy of the response letter is attached to this declaration as Exhibit C.

V.       SEARCH AND PROCESSING

16.      Given the subject matter of the Plaintiff's Request, and in accordance with standard processing protocols, IMO tasked two ODNI components—Mission Integration and the National Counterintelligence and Security Center—to search for potentially responsive records. Those components were chosen because they are the components most likely to have information responsive to the Request.

17.     Because the documents that ODNI identified as being responsive to Plaintiff's Request included information from other IC elements, ODNI engaged in consultations with the Department of Homeland Security, the Defense Intelligence Agency, U.S. European Command, the Federal Bureau of Investigation ("FBI"), the Naval Criminal Investigative Service, and the Department of State.  Through that consultation process, the other agencies identified their equities in the responsive ODNI documents, and ODNI applied relevant and appropriate FOIA exemptions on behalf of those agencies.  For additional information about those agencies' exemptions, see Exhibit C.

## VI.     EXEMPTIONS

18.     It is my understanding the Plaintiff is challenging every withholding in ODNI's response.  The purpose of this declaration is thus to provide a general summary of the categories of information protected by the various exemptions invoked by ODNI in this case, on behalf of itself and the other agencies.  In addition, a *Vaughn* index is attached to and incorporated by reference into this declaration as Exhibit D.  That *Vaughn* index provides further information about the responsive documents at issue in this case.  Should the Plaintiff subsequently identify particular redactions or withholdings it wishes to challenge, I am prepared to provide a supplemental declaration that can address the justifications and basis for such withholdings in greater detail.

Exemption 1

19.     FOIA Exemption 1 provides that the FOIA does not require the production of records that are:  "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order."  5 U.S.C. § 552(b)(1).  E.O. 13526 establishes such classification criteria.

20.    E.O. 13526 provides that information may be originally classified if:  "(1) an original classification authority is classifying the information; (2) the information is owned by, produced by or for, or is under the control of the United States Government; (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security … and the original classification authority is able to identify or describe the damage."  *Id.* § 1.1(a).

21.    E.O. 13526 further provides that information may not be considered for classification unless it falls within one (or more) of eight specifically enumerated categories of information and its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security.  *Id.* § 1.4.  Among those categories are intelligence activities (including covert action), intelligence sources or methods, cryptology, foreign government information, and foreign relations or foreign activities of the Unites States (including confidential sources).  *Id.*

22.    Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that each invocation of Exemption 1 in those documents is proper and consistent with E.O. 13526.  As an original classification authority, I have determined that the information withheld under Exemption 1 that is responsive to Plaintiff's request is currently and properly classified.  Additionally, this information is owned by and is under the control of the U.S. Government.  Furthermore, the information withheld under Exemption 1 falls under several classification categories listed within E.O. 13526—namely, "(a) military plans, weapons systems, or operations; (b) foreign government information; (c) intelligence activities (including covert action), intelligence sources or methods, or cryptology; [or] (d) foreign relations or foreign

activities of the United States, including confidential sources…."  E.O. 13526 § 1.4.  Finally, I have determined that unauthorized disclosure of the information withheld under Exemption 1 could reasonably be expected to result in at least serious damage to the national security.  This information was therefore properly withheld under FOIA Exemption 1.

23.     I also note that none of the information withheld under Exemption 1 has been classified in order to conceal violations of law, inefficiency or administrative error; prevent embarrassment to a person, organization or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security.  Further, the responsive information is properly marked in accordance with § 1.6 of E.O. 13526.

<u>Exemption 3</u>

24.     FOIA Exemption 3 protects information that is specifically exempted from disclosure by statute, if that statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  I have determined that three different statutory provisions form a proper basis in this case to withhold information under FOIA Exemption 3.

25.     The National Security Act provides that "the [DNI] shall protect intelligence sources and methods from unauthorized disclosure."  50 U.S.C. § 3024(i)(1).  This provision of the National Security Act has long been held to qualify as a withholding statute under FOIA Exemption 3.  Under this provision, agencies are not required to identify and describe the damage to the national security that reasonably could be expected to result from the unauthorized disclosure of intelligence sources and methods.  Rather, agencies are only required to establish that the withheld information constitutes intelligence sources and methods.

26.     The National Security Act also provides that ODNI is exempt from provisions of law which require the disclosure of the "organization, functions, names, official titles, salaries, or number of personnel employed."  50 U.S.C. § 3507; *see* 50 U.S.C. § 3024(m) (incorporating by reference 50 U.S.C. § 3507, which applies to the CIA, into the National Security Act and thereby conferring same authority on the DNI).  This separate provision of the National Security Act qualifies as another withholding statute under FOIA Exemption 3.

27.     Finally, 10 U.S.C § 130c exempts from disclosure "sensitive information of foreign governments," which is defined to include information that "was provided by, otherwise made available by, or produced in cooperation with, a foreign government or international organization."  10 U.S.C. §§ 130c(a), (b)(1).  This statute also qualifies as a withholding statute under FOIA Exemption 3.

28.     Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that each invocation of Exemption 3 in those documents is proper and consistent with the "intelligence sources and methods" provision of the National Security Act (50 U.S.C. § 3024(i)(1)) the "personnel" provision of the National Security Act (50 U.S.C. § 3024(m)), 10 U.S.C § 130c, or some combination thereof.  The information behind the "(b)(3)" redactions in this case was therefore properly withheld under FOIA Exemption 3.

<u>Exemption 5</u>

29.     FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  This provision generally exempts information that would be subject to an evidentiary privilege in the civil discovery context.  That includes, among others, the deliberative process privilege.  The purpose of the deliberative process

privilege is to prevent harm to the agency decision-making process.  For the deliberative process privilege to apply, the information must be both pre-decisional and deliberative.

30.     Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that each invocation of Exemption 5 is proper and consistent with the deliberative process privilege because the information at issue is both pre-decisional and deliberative.  Such information was therefore properly withheld under Exemption 5.

<u>Exemption 6</u>

31.     FOIA Exemption 6 provides that the FOIA does not require the production of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  In applying this exemption, an agency must determine:  (1) whether the information at issue is a personnel, medical, or "similar" file; (2) whether there is a significant privacy interest in the requested information; and (3) the requester's asserted public interest in the information.  Finally, if there is both a significant privacy interest in non-disclosure and a public interest in disclosure, the agency must balance the competing interests to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy.

32.     Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that each invocation of Exemption 6 is proper because:  (1) it protects a personnel, medical, or "similar" file or piece of information; (2) there is a significant privacy interest in the underlying information; and (3) such privacy interest outweighs the requester's asserted public interest in the information.  Such information was therefore properly withheld under Exemption 6.

<u>Exemption 7</u>

33.     Exemption 7 generally protects various categories of "records or information compiled for law enforcement purposes."   5 U.S.C. § 552(b)(7).   While ODNI is not a law enforcement agency, it may receive, assess, and use intelligence or other information from government agencies that have a law enforcement mission.   In such situations, as in this case, ODNI consults with the originating agency or agencies to determine if FOIA Exemption 7 applies to their information.

34.     As a result of that consultation process, the FBI requested ODNI invoke Exemptions 7(A), 7(C), 7(D), and 7(E) over certain information contained within ODNI records that are responsive to the Plaintiff's Request.   Respectively, these exemptions apply when the release of law enforcement records "could reasonably be expected to": "interfere with enforcement proceedings;" "constitute an unwarranted invasion of personal privacy;" "disclose the identity of a confidential source;" and disclose investigative techniques and procedures.   5 U.S.C. § 552(b)(7)(A), (C), (D), (E).

35.     Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that each invocation of Exemption 7 requested by the FBI is proper because the underlying information is subject to one or more of the exemptions contained in Exemptions 7(A), 7(C), 7(D), or 7(E).   Such information was thus properly withheld under Exemption 7.

**VII.     SEGREGABILITY**

36.     As indicated in the attached *Vaughn* index, ODNI ultimately withheld nineteen responsive records from the Plaintiff and produced four records to the Plaintiff.   ODNI also referred three documents to other government agencies for review and direct response.   With

12

regard to the four records that ODNI produced, ODNI redacted only the information subject to the foregoing exemptions, and released all other reasonably segregable, non-exempt information.

37.    With regard to the nineteen documents withheld in full, ODNI determined that, pursuant to the foregoing exemptions, neither the records themselves nor portions of the records may be released.  As explained in this declaration, doing so would reveal classified and statutorily-protected information that is itself exempt from disclosure.

38.    Based on my personal review of the documents identified in the attached *Vaughn* index, I have determined that no other reasonably segregable information can be released.

**VIII.    CONCLUSION**

39.    I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this *9* day of February 2022.

Gregory M. Koch
Chief, Information Management Office

13

# Exhibit A

DF-2020-00269
25 JUN 2020

**VANESSCS**

| | |
|---|---|
| **From:** | Ty Clevenger <tyclevenger@yahoo.com> |
| **Sent:** | Thursday, June 11, 2020 3:20 PM |
| **To:** | DNI-FOIA |
| **Subject:** | Freedom of Information Act Request |
| **Attachments:** | 2020.06.11 FOIA request to ODNI.pdf |

I have attached a request for information that I submit pursuant to the Freedom of Information Act.

1

# THE TRANSPARENCY PROJECT

P.O. Box 20753
Brooklyn, New York 11202
(979) 985-5289

June 11, 2020

Ms. Patricia Gaviria
Director, Information Management Division
Office of the Director of National Intelligence
Washington, D.C. 20511

*Via email*
dni-foia@dni.gov

          Re: Freedom of Information Act Request

Ms. Gaviria:

       I write on behalf of the The Transparency Project ("TTP"), a nonprofit corporation headquartered in Texas, to request information about the removal, transfer, copying or stealing of data from Democratic National Committee (hereinafter "DNC") computer servers in 2016, data which was later published by Wikileaks.[1]  That event will hereinafter be referred to as the "2016 Data Breach." I make these requests under the authority of the Freedom of Information Act, 5 U.S.C. § 552.

1. I request the opportunity to view all tangible evidence indicating whether the 2016 Data Breach was the result of (1) outside forces (*e.g.*, Russian agents, Pakistani agents, etc.) who hacked the servers from a remote location or (2) an individual or individuals who were present at or inside DNC facilities and copied the data onto a storage device. If, for example, ODNI possesses any communications between Seth Rich and Julian Assange or Wikileaks (*e.g.*, from the National Security Agency, the United Kingdom's Government Communications Headquarters, or any other person or entity), then those communications should be produced. If the ODNI has any evidence whatsoever that the DNC servers were hacked externally or that DNC data was leaked from an internal source, that evidence should be produced.

2. Former CIA Director John Brennan testified that in the summer of 2016, he convened a task force / working group involving the CIA, NSA and FBI to investigate intelligence showing contact between Russian officials and Trump affiliates. I wish to view all documents, records, and/or communications that (1) identify the name and agency affiliation of each member of the task force / working group as well as (2) the dates that each such person began and ceased working with the group.  I also wish to view all documents, records, and/or communications indicating whether the task force / working group fabricated or attempted to fabricate evidence of collusion between Donald Trump

---

[1]   The following terms or their derivatives are used interchangeably in this subpoena when referring to the movement of the relevant DNC data: leak, hack, remove, transfer, copy, or steal.

(or his presidential campaign) and Russian officials.  If, for example, individuals from the task force tried to create the false impression that Trump campaign officials were acting at the behest of Russian officials, any and all evidence of that should be produced.

3.  All data, documents, records, or communications (electronic or otherwise) created, received or obtained since January 1, 2016 that discuss or reference Seth Conrad Rich ("Seth Rich") or Aaron Nathan Rich ("Aaron Rich").

4.  All data, documents, records, or communications regarding any person or entity's attempt to hack into Seth Rich's electronic or internet accounts (*e.g.*, email) after his death.

5.  All data downloaded from all electronic devices that belonged to Seth Rich as well as all data, documents, records or communications indicating how the devices were obtained and who was responsible for downloading the information.

6.  All data, documents, communications, records or other evidence indicating whether Seth Rich, Aaron Rich, or any other person or persons were involved in transferring data from the Democratic National Committee to Wikileaks in 2016, either directly or through intermediaries. This request includes, but is not limited to, any reports from CrowdStrike, Inc..

7.  All documents, records, or communications exchanged with Congress or any other government agencies (or representatives of such agencies) since January 1, 2016 regarding (1) Seth Rich's murder or (2) Seth Rich's or Aaron Rich's involvement in transferring data from the Democratic National Committee to Wikileaks.

TTP intends to use the requested information to educate the public about government misconduct, therefore I request a waiver of any fees. If charges will apply, please let me know the approximate amount of such charges in advance.  I can be reached by email at tyclevenger@yahoo.com if you need additional information.

Sincerely,

Ty Clevenger
Executive Director

cc:   Mr. Bradley Brooker, Acting General Counsel
        ODNI

# Exhibit B

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

Ty Clevenger                                                           July 6, 2020
The Transparency Project
P.O. Box 20753
Brooklyn, NY  11202

Mr. Clevenger:

     This letter acknowledges receipt of your Freedom of Information Act ("FOIA")
request dated 11 June 2020, and received by the Information Management Division on
25 June 2020, in which you seek, "*information about the removal, transfer, copying or
stealing of data from Democratic National Committee (hereinafter "DNC") computer
servers in 2016, data which was later published by Wikileaks.*"

     **Your request has been assigned ODNI tracking number DF-2020-00269.
Your request for a fee waiver has been granted.**

     We will begin to process your request; however, due to impacts caused by the
COVID-19 virus, there may be delays in processing requests.   We apologize for any
inconvenience this may cause.

     To assist you with any aspect of your request you may contact me, the FOIA Public
Liaison, at my contact information below.  You may also contact the Office of Government
Information Services ("OGIS") of the National Archives and Records Administration to
inquire about the mediation services they provide. OGIS can be reached by mail at 8601
Adelphi Road, Room 2510, College Park, MD 20740-6001; telephone (202) 741-5770;
facsimile (202) 741-5769; Toll-free (877) 684-6448; or email at ogis@nara.gov.

     If you have any questions, please feel free to contact our Requester Service Center
at dni-foia@dni.gov or (301) 243-1499.  You may also reach out to me directly at
dni-foia-liaison@dni.gov or (301) 243-2025.

     Sincerely,

     Sally A. Nicholson
     Chief FOIA Branch
     FOIA Public Liaison
     Information Management Division

# Exhibit C

UNCLASSIFIED

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

Mr. Ty Clevenger                                              September 1, 2021
Executive Director
The Transparency Project
212 S. Oxford St. #7D
Brooklyn, NY  11217

Subject:  ODNI Case DF-2020-00269; Civil Case 1:20-cv-00467 (The Transparency Project v.
              ODNI et. al.)

Mr. Clevenger,

        This responds to your Freedom of Information Act (FOIA) request dated
11 June 2020 (Enclosure 1), in which you requested *information about the removal, transfer,
copying or stealing of data from Democratic National Committee (DNC) computer servers in
2016.*

        Your request was processed in accordance with the FOIA, 5 U.S.C. § 552, as amended.
Documents responsive to your request were located.

        Upon review, we have determined that portions of four documents must be withheld
(Enclosure 2), and 19 documents must be withheld in their entirety, pursuant to the following
FOIA exemptions:

  • (b)(1), which applies to information that is currently and properly classified
    pursuant to Executive Order (E.O.) 13526, Sections 1.4(c);

  • (b)(3), which applies to information exempt by statute.  The relevant statutes are
    the National Security Act of 1947, as amended, 50 U.S.C. § 3024(i) and 50
    U.S.C. § 3024(m), which protect intelligence sources and methods and
    identifying information of ODNI personnel respectively;

  • (b)(5), which applies to information that concerns communications within or
    between agencies which are protected by legal privileges; and,

  • (b)(6), which applies to information, the release of which would constitute a
    clearly unwarranted invasion of personal privacy.

        Additionally, other agencies reviewed their equities within the documents and their
withholdings are summarized below:

  • The Department of Homeland Security withheld information pursuant to FOIA
    exemption (b)(1), Section 1.4(c) of E.O. 13526.

UNCLASSIFIED

UNCLASSIFIED

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

- The Defense Intelligence Agency withheld information pursuant to FOIA exemptions (b)(1) and (b)(3) and Sections 1.4(a), (b), and (c) of E.O. 13526.  DIA (b)(3) withholdings were pursuant to statute 50 U.S.C. § 3024(i).

- U.S. European Command (EUCOM) withheld information pursuant to FOIA exemptions (b)(1), (b)(3), and (b)(5) and section 1.4(c) of E.O. 13526.  EUCOM's (b)(3) withholding were pursuant to statute 10 U.S.C. § 130(c), which protects sensitive information of foreign governments and international organizations.

- The Federal Bureau of Investigation (FBI) withheld information pursuant to FOIA exemptions (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E) and Section 1.4(c) of E.O. 13526.  FBI's (b)(3) withholdings were pursuant to statute 50 U.S.C. § 3024(i).  Exemption (b)(7)(A) applies to investigatory records, release of which could interfere with law enforcement proceedings; (b)(7)(C) applies to investigatory records, release of which could constitute an unwarranted invasion of the personal privacy of others; (b)(7)(D) applies to investigatory records release of which could disclosure the identity of a confidential source; and (b)(7)(E) applies to investigatory records, release of which would disclose investigative techniques and procedures.

- That Naval Criminal Investigative Service (NCIS) withheld information pursuant to FOIA exemption (b)(1), Sections 1.4(c) and (d) of E.O. 13526.

- The Department of State withheld information pursuant to FOIA Exemptions (b)(1) and (b)(6) and Sections 1.4(b), (c), and (d) of E.O. 13526.

The remaining three documents fall under the purview of other government agencies and have been referred to those agencies for review and direct response to you.

If you have any questions, please contact DOJ attorney, Andrea Parker, at andrea.parker@usdoj.gov by phone at (409) 839-2538.

Sincerely,

Sally A. Nicholson
Chief, Information Review
  & Release Group
FOIA Public Liaison
Information Management Office

Enclosures

UNCLASSIFIED

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| The Transparency Project,<br><br>                         Plaintiff,<br><br>         v.<br><br>U.S. Department of Justice, et al.,<br><br>                      Defendants. | Case No. 4:20-cv-00467 |

## OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE

### *Vaughn* Index

**Records Withheld in Full**

| Record[1] | Description | Page Count | Classification | Exemptions |
|---|---|---|---|---|
| 1 | Cyber Event Summary | 4 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(E) |
| 2 | Intelligence Community Assessment | 22 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(E) |
| 5 | Email Chain | 3 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(E) |
| 6 | Email Chain | 7 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(E) |
| 7 | Email Chain | 7 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6) |
| 7A | Draft Memorandum | 4 | Top Secret | (b)(1), (b)(3), (b)(5) |
| 8 | Email Chain | 6 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(E) |
| 9 | Talking Points Background | 2 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(E) |
| 14 | Talking Points | 10 | Top Secret | (b)(1), (b)(3), (b)(7)(E) |
| 15 | Chart | 2 | Top Secret | (b)(1), (b)(3), (b)(7)(A), (b)(7)(E) |

---

[1] ODNI identified 26 responsive records.  The records were numbered 1 to 25 and 7A. Documents 3, 4, and 13 were referred to other government agencies for review and direct response.

| Record[1] | Description | Page Count | Classification | Exemptions |
|---|---|---|---|---|
| 16 | Cyber Event Summary | 4 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(E) |
| 17 | Chart | 2 | Top Secret | (b)(1), (b)(3), (b)(7)(E) |
| 18 | Memorandum | 4 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(E) |
| 19 | Briefing Notes | 10 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(7)(A), (b)(7)(C), (b)(7)(E) |
| 20 | Cyber Event Report | 12 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(E) |
| 21 | Cyber Event Summary | 4 | Top Secret | (b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(E) |
| 22 | Cyber Threat Summary | 4 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), (b)(7)(E) |
| 23 | Non-Public Article | 2 | Top Secret | (b)(1), (b)(3) |
| 25 | Cyber Event Summary | 2 | Top Secret | (b)(1), (b)(3) |

**Records Withheld in Part**

| Record | Description | Page Count | Classification | Exemptions |
|---|---|---|---|---|
| 10 | Statement for the Record | 11 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(E) |
| 11 | Talking Points | 5 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(6) |
| 12 | Talking Points | 3 | Secret | (b)(1), (b)(3), (b)(6) |
| 24 | Talking Points | 12 | Top Secret | (b)(1), (b)(3), (b)(5), (b)(7)(E) |