IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants | Case No. 4:20-cv-00467-SDJ |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO NON-FBI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

    NOW COMES The Transparency Project, the Plaintiff, surreplying in opposition to the Defendants' motion for summary judgment ("MSJ") (Doc. No. 51) and replying in support of its cross-motion for summary judgment (Doc. No. 59):

    The NON-FBI DEFENDANTS' OPPOSITION TO PLAINTIFF'S "CROSS-MOTION FOR SUMMARY JUDGMENT" (Doc. No. 62) is bizarre. The Defendants allege that the Plaintiff's cross-motion is conclusory in a single-paragraph reply that is itself conclusory. They claim the cross-motion "does not actually move for summary judgment," but that is hard to reconcile with the first paragraph, which plainly states that the Plaintiff is cross-moving for summary judgment. Even if the document is construed *only* as a response in opposition (rather than a cross-motion), it still establishes that the Defendants are not entitled to summary judgment.

    In the cross-motion, the Plaintiff cited numerous authorities (and the record) in support of its argument that the Defendants improperly used *Glomar* responses and national security

- 1 -

classifications. Cross-Motion 4-8 (citing authorities). In response, the Defendants did not respond at all. Not a single word. Likewise, the Plaintiff noted that because the declarations failed to identify the search terms used for some of the Plaintiff's requests, that alone was fatal to the MSJ. Cross-Motion 3, citing *SAI v. Transp. Sec. Admin.*, 315 F. Supp. 3d 218, 247 (D.D.C. 2018) and *Manatt v. United States Dep't of Homeland Sec.*, 473 F. Supp. 3d 409, 416–17 (E.D. Pa. 2020). Once again, the Defendants completely failed to respond. That contrasts markedly with the Government's reply (Doc. No. 54) in support of its motion for summary judgment in *Brian Huddleston v. Federal Bureau of Investigation*, Case No. 4:20-cv-00447-ALM (E.D.Tex.), where the Government provided supplemental declarations to address the absent search terms.

Even after the Plaintiff flagged the conclusory nature of the Defendants' arguments, *see* MSJ 3-4, citing *DiBacco v. Dep't of the Army*, 926 F.3d 827, 834 (D.C. Cir. 2019), the Defendants failed to *specifically* apply FOIA exemptions to the requests of the Plaintiff. That is fatal.

> Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *See Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C.Cir.1983). The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. \*621 *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir.2002). **These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner.** *Id.* Further, the court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. *See Gallant v. NLRB*, 26 F.3d 168, 171 (D.C.Cir.1994) (quoting *Halperin v. CIA*, 629 F.2d 144, 148 (D.C.Cir.1980)). If the agency meets all of these requirements, the court will normally accord the affidavits substantial weight. But a reviewing court may also inspect the content of agency documents *in camera* to determine whether they fall under any of the FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B).

*Gahagan v. United States Citizenship & Immigration Services*, 147 F. Supp. 3d 613, 620–21 (E.D. La. 2015)(emphasis added). Why, for example, are "interview notes of OIG investigators"

and "all information provided by these confidential sources" (MSJ 82) covered by Exemption 7(D)? Why can't some of the information be redacted and the remainder produced? One simply cannot tell from reading the MSJ or the supporting declaration.

With respect to the requests concerning former CIA Director David Petraeus, the Plaintiff noted in the cross-motion that the Defendants made no attempt to develop their arguments concerning the deliberative process privilege, the attorney-work product privilege, or the attorney-client privilege. Pages 76-83 of the MSJ do not cite a single legal opinion, for example. The Defendants simply invoke the words "deliberative process privilege," "attorney-work product privilege," and "attorney-client privilege," with nothing further. Once again, the undersigned expected the Government to try to develop its argument on reply, not unlike the way it did in *Huddleston,* but the Government made no attempt. The Defendants conceded that they are applying their deliberative-process-privilege arguments to documents created and compiled by criminal investigators (*i.e.*, OIG agents), for example, but they failed to cite any authority establishing that the privilege would apply. Indeed, the privilege generally would not apply:

> The executive deliberative process privilege protects inter-agency or intra-agency documents **that disclose deliberative or policy-making processes of the agency**. *See, Sears, Roebuck & Co.,* 421 U.S. at 153, 95 S.Ct. at 1517–1518. Communications subsequent to the agency decision do not effect the decision making process and are not exempt. *See, Id.* 421 U.S. at 151, 95 S.Ct. at 1517. **Furthermore, "purely factual material appearing in [deliberative] documents in a form that is severable without compromising the private remainder of the documents" is not exempt.** *See, Mink,* 410 U.S. at 91, 93 S.Ct. at 838. Accordingly, the privilege exempts documents reflecting an agency's thinking process in formulating its policy and law, but documents detailing and explaining the agency's policy and law are not exempt. *Sears, Roebuck & Co.,* 421 U.S. at 153, 95 S.Ct. at 1517–1518. If, however, an agency adopts or incorporates by reference a document covered by the Exemption 5 into a final opinion, that document loses Exemption 5 status and must be disclosed unless it falls within the coverage of another exemption. *See, Id.* 421 U.S. at 161, 95 S.Ct. at 1521–1523.

*Church of Scientology of Tex. v. I.R.S.*, 816 F. Supp. 1138, 1153 (W.D. Tex. 1993)(emphasis added).

> The government's deliberative process privilege "protects predecisional materials 'reflecting deliberative or policy-making processes,' but **not materials that are 'purely factual.'** " *Skelton v. U.S. Postal Service,* 678 F.2d 35, 38 (5th Cir.1982) (quoting *EPA v. Mink,* 410 U.S. 73, 87–89, 93 S.Ct. 827, 836–837, 35 L.Ed.2d 119 (1973)). *See, Mead Data Central, Inc. v. U.S. Dept. of Air Force,* 566 F.2d 242, 254 (D.C.Cir.1977) (discussion of privilege). **As facts can be intermixed with analysis, a careful case-by-case analysis of the material sought is necessary**. *Skelton* at 39. As the purpose of the privilege is to protect the full and free exchange of information in the agency, the test is whether disclosure would serve only to reveal the evaluative process by which a member of the decision-making chain arrived at his/her conclusion. *Id. See, N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (purpose of privilege).

*E.E.O.C. v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992)(emphasis added). If, for example, an OIG agent's field notes reveal *factual* information about Mr. Petraeus's criminal activity (which resulted in a guilty plea), then why would that be subject to the deliberative process privilege? The Defendants' failure to brief the foregoing issues only proves the Plaintiff's argument that *in camera* review is required. There is no way the Court can properly assess any of the Defendants' (and particularly the CIA's) FOIA exemptions where the Defendants have failed to brief and develop those issues. If the Court is to determine whether facts are intermingled in documents that are purportedly protected by the deliberative process privilege, attorney work-product privilege, etc., then *in camera* review is the only option.

If the Defendants want to belatedly address some of the foregoing issues as a surreply to the cross-motion, then the Plaintiff will not object, provided that it gets an opportunity to surreply to that surreply. Otherwise, the Defendants' MSJ should be denied and an *in camera* review should begin.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff**

**Certificate of Service**

On May 3, 2022, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger