IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT, | |
| Plaintiff, | CIVIL ACTION No. 4:20CV467 |
| | JUDGE SEAN D. JORDAN |
| v. | MAGISTRATE CHRISTINE NOWAK |
| U.S. DEPARTMENT OF JUSTICE, et al | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants the National Security Agency (NSA), and the Central Intelligence Agency (CIA) respond to Plaintiff's Amended Motion for Leave to File Supplemental Evidence [ECF 73] in support of its Objection to Report and Recommendation (R&R) of United States Magistrate Judge [ECF 68].

**INTRODUCTION**

Plaintiff seeks to supplement his objection to the Magistrate Report with additional evidence, specifically, (1) "portions of the Twitter Files" that Plaintiff deems relevant to his pending objection [ECF 73, p. 4-5], (2) the declaration of Kirk Wiebe, who claims to be a former NSA analyst [ECF 73-5], and (3) an excerpt from the Mueller Report [ECF 73-4]. The Court should deny Plaintiff's motion because the requested evidence is not relevant to Plaintiff's pending objection and is not proper summary

Defs' Resp to P's Mtn Supp Evidence                                                                                                             1

judgment evidence. Additionally, Plaintiff fails to satisfy the *Performance Autoplex* factors governing the submission of new evidence in support of objections to a magistrate report.

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE REPORT

To properly object to a magistrate report, a party must serve and file specific written objections to the findings and recommendations of the magistrate judge within fourteen days after service of a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. [R&R, ECF 64, p. 91].

When Plaintiff filed his objection to the Magistrate Report over six months ago, he only made two objections that satisfy the specificity standard for objections, both of which challenge the Magistrate's interpretation of case law cited in the Report. First, Plaintiff objects that on pages 86-87, the Report conflates and misrepresents caselaw from other circuits holding that a disclosure of generalized government activity is not an admission that specific classified documents exist. [ECF 68, p. 9]. Second, Plaintiff objects that on page 87, the Report improperly relies on two cases that require Plaintiff to provide affirmative proof that Defendants invoked national security classifications for the express purpose of concealing illegal activities. [ECF 68, p. 11]. Plaintiff fails to specify the location of any other disputed determinations within the Magistrate Report, so his

objection is limited to his challenge to the interpretation of the cited cases. The supplemental evidence that Plaintiff now seeks to introduce does not have any bearing on the Magistrate's interpretation of the challenged case law, so his motion should be denied.

## IMPROPER SUMMARY JUDGMENT EVIDENCE

The rules of evidence apply to summary judgment materials. *See* Fed.R.Civ.P. 56(c)(4), 56(c)(2) and 2010 Advisory Comm. Notes thereto. In the Fifth Circuit, evidence relied on at the summary judgment stage need not be presented in admissible form, but it must be capable of being presented in a form that would be admissible in evidence. *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 208 (5th Cir.2018). In other words, the substance of the evidence submitted on summary judgment must be admissible. *See, generally, Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

When a party fails to offer evidence in admissible form at the summary judgment stage, the opposing party may object by stating the evidence "cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). The commentary to the 2010 Amendment of Rule 56 explains the procedure:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or *to explain the admissible form that is anticipated*.

Fed.R.Civ.P. 56, advisory committee note 2010 amend. (emphasis added).

The exhibits referenced by Plaintiff are not proper summary judgment evidence, and Defendants object to them on the grounds that they cannot be presented in a form that could be admissible in evidence pursuant to Rule 56(c)(2) because they are (1) inadmissible hearsay; (2) not capable of being properly authenticated by a person with personal knowledge; (3) contain conclusions and speculations that are not proper summary judgment evidence; and/or (4) are otherwise irrelevant, unreliable and untrustworthy.

**A. The Twitter Files**

While Plaintiff seeks to supplement the record with "portions of the Twitter Files," he fails to attach the actual Twitter Files, or the relevant portions therefrom, as an exhibit to his motion. [ECF 73, p. 4-5]. Instead, he attaches three news articles that merely discuss the Twitter Files:

(1) "Elon Musk Takes Control of Twitter in $44bn Deal," from www.bbc.com. [ECF 73-1].

(2) "Twitter Files: What They Are and Why They Matter," from www.cbsnew.com. [ECF 73-2].

(3) "Twitter Aided the Pentagon in its Covert Online Propaganda Campaign," from https://theintercept.com. [ECF 73-3].

For the reasons discussed in section B below, these articles are not proper summary judgment evidence. Regardless, Plaintiff's failure to provide the Court with the "portions of the Twitter files" he seeks to submit should prove fatal to his motion.

### B. Online Articles and Websites

1. Hearsay

Exhibits 1-3 are printouts of online articles; Exhibit 5, the Wiebe Affidavit, references and attaches printouts of numerous online articles; and Exhibits 6-7 appear to be partial printouts from the websites https://guccifer2.wordpress.com and https://dcleaks.com. All of this purported evidence is "classic, inadmissible hearsay." *Roberts v. City of* Shreveport, 397 F.3d 287, 295(5th Cir. 2005). These exhibits do not meet any of the hearsay exceptions of Fed.R.Evid. 803.

2. Not Capable of Proper Authentication

In order to authenticate a document pursuant to Rule 901 of the Federal Rules of Evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *United States v. Barnes*, 803 F.3d 209, 217 (5th Cir.2015). The websites and online articles cited by Plaintiff cannot be properly authenticated, nor are they self-authenticating under Rule 902.

3. Conclusions and Speculations

Further, to the extent that statements within Plaintiff's summary judgment briefing are based on the referenced online materials, those statements are not proper summary judgment evidence. Conclusions, speculations, and similar statements are insufficient to defeat a summary judgment motion. *In re Magnolia Fleet, LLC*, 722 Fed.Appx. 353, 354-55 (5th Cir. 2018). Conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *Oliver v. Scott*, 276

F.3d 736, 744 (5th Cir.2002) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.").

    4. <u>Irrelevant, Unreliable, and Untrustworthy</u>

Overall, the online articles and websites referenced by Plaintiff are not proper summary judgment evidence because they are simply irrelevant to the limited objections made by Plaintiff to the Magistrate Report. The only issues properly objected to by Plaintiff concern the Court's interpretation of case law, and these exhibits are not relevant.

**C. Declaration of Kirk Wiebe**

Exhibit 5, the Declaration of Kurt Wiebe, is particularly problematic. A declaration used to support a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed.R.Civ.P. 56(c)(4). The Wiebe declaration fails on all three prongs.

Wiebe claims to have worked for the NSA as an analyst for 22 years "after" his military service, although he does not specify an exact time period, nor does he indicate if his NSA employment immediately followed his military service in 1967. Assuming that he worked for NSA immediately after his military service, his NSA employment would have spanned roughly 1967 – 1989, which clearly pre-dates the type of "information technology" on which he opines. Wiebe does not provide any details from his

employment with NSA to suggest that he is competent to testify on the matters on which he opines.

Wiebe does not base his conclusory opinions on personal knowledge; instead, he simply summarizes the content of online articles and offers opinions about them. Like the articles on which he relies, Wiebe's opinions are inadmissible hearsay and contain conclusions and speculations that are insufficient summary judgment evidence.

## THE *PERFORMANCE AUTOPLEX* FACTORS

When a party seeks to submit new evidence in support of objections to a Magistrate Report, the Court should consider the following factors:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

[ECF 54, quoting *Performance Autoplex II Ltd. V. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003)].

Factor 2 is the most instructive here. None of the exhibits proffered by Plaintiff suggest even the possibility of a public acknowledgement by the CIA or the NSA on the subject of Plaintiff's FOIA requests, so these exhibits have no impact on the recommendations in the Magistrate Report, and therefore are irrelevant to Plaintiff's case. The Report discusses the official acknowledgement requirement in the *Glomar* context and concludes that Plaintiff failed to meet his burden to show the Government's official acknowledgement of any of the requested information. [ECF 64, pp. 84-86]. Plaintiff does not even attempt to make this argument, nor did he object to this finding in the

Report, so this additional evidence is of no consequence to his case. Plaintiff's inability to establish any relevance of the requested evidence renders Factors 1 and 3 immaterial.

As to Factor 4, admitting this evidence at this stage of the proceedings would be extremely prejudicial to Defendants, essentially allowing Plaintiff to supplement the record in perpetuity. This would create a moving target against which the Defendants would have to continuously defend. Plaintiff's argument that Defendants would not be prejudiced due to potential future requests by potential unknown requesters is entirely speculative and not applicable to the present case.

## CONCLUSION

Plaintiff's proffered exhibits are not proper summary judgment evidence and are irrelevant to the limited objection he has made to the Magistrate Report. Further, Plaintiff has failed to satisfy the *Performance Autoplex* factors to justify the submission of otherwise inadmissible evidence at this very late stage in the proceedings. Plaintiff's Amended Motion for Leave to File Supplemental Evidence should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
