IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **THE TRANSPARENCY PROJECT**, <br><br> Plaintiff, <br><br> vs. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE, et al.,** <br><br> Defendants | Case No. 4:20-cv-467-SDJ |

### REPLY IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

NOW COMES The Transparency Project, the Plaintiff, replying in support of its Motion for Leave (Dkt. #73) asking the Court to accept supplemental evidence in support of its Objection to the Report and Recommendation of the United States Magistrate Judge (hereinafter "Objection") (Dkt. #68):

### Argument

**1. The Plaintiff's objections were sufficiently specific.**

The Defendants argue that the Plaintiff failed to make sufficiently specific objections in the original Objection (Dkt. #68), but that conclusory argument is disingenuous. Contrary to the Defendants' argument, the Plaintiff's objections were <u>not</u> limited to the magistrate's interpretation of two areas of case law. The Court need only look at pages 4-13 of the Objection to see that the Plaintiff's objections were detailed and specific.

**2. The Plaintiff submitted admissible evidence.**

The Defendants' most significant argument in the Response is their claim that the

Plaintiff's evidence is inadmissible. Their argument is, however, completely disingenuous.

Consider the following excerpt from the Objection:

> Summary judgment is unique in FOIA cases because the Court is only tasked with deciding (1) whether an agency conducted an adequate search for records and (2) whether it properly withheld or redacted records. *See Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 827 F. Supp. 2d 242, 249 (S.D.N.Y. 2011); *see also Am. Civil Liberties Union of New Jersey v. F.B.I.*, 733 F.3d 526, 530 (3d Cir. 2013). In that sense, a motion for summary judgment in a FOIA case has much in common with a motion to compel discovery responses in other cases. Some courts have held that a FOIA plaintiff may rely on newspaper articles to establish facts relevant to a motion for summary judgment, namely facts relevant to whether the government should be compelled to search further. *See, e.g., Elec. Frontier Found. v. Dep't of Justice*, 532 F. Supp. 2d 22, 23 (D.D.C. 2008)(considering *Washington Post* article but holding that it was insufficient grounds for reconsideration).
>
>> To be sure, none of [the newspaper articles and human rights reports] ha[ve] been tested and proved in a court of law. But *SafeCard* requires only "compelling" evidence—not tested evidence, and not even evidence that would be admissible at trial. If hundreds of pages of first-hand reports of governmental abuses do not qualify as "compelling" evidence sufficient to justify an investigation into the government's conduct, then I cannot imagine what would. After all, FOIA's purpose, as *SafeCard* recognizes, is to allow the public access to records necessary to ascertain whether the government has acted illegally. If requesters already had tried and tested proof of such illegal activity, then resort to FOIA would be unnecessary. History, moreover, is full of examples of situations in which just these sorts of allegations led to the discovery of serious government wrongdoing—from Teapot Dome in the 1920s to the FBI's COINTELPRO counterintelligence program in the 1960s to Watergate in the 1970s.
>
> *Ctr. for Nat. Sec. Studies v. U.S. Dep't of Justice,* 331 F.3d 918, 946–47 (D.C. Cir. 2003)(J. Tatel, dissenting); *see also id.* at 930 (majority citing newspaper article); *but see Schoenman v. F.B.I.*, 763 F. Supp. 2d 173, 201 (D.D.C. 2011), aff'd, 841 F. Supp. 2d 69 (D.D.C. 2012)(refusing to consider newspaper article). That result is not surprising, because courts sometimes rely on newspaper articles to determine whether additional discovery is warranted. *See, e.g., Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101, 1109 (N.D. Cal. 2019). In this case, the Plaintiff cited newspaper articles for limited purposes, primarily to establish background facts. Ultimately, the Plaintiff relies on reports from the U.S. Government, and those reports are admissible as evidence in any proceeding against the Government. *Harper v. United States Dep't of the Interior*, No. 1:21-CV-00197-CRK, 2021 WL 5281589, at *6 (D. Idaho Nov. 12, 2021)(public document admissible under Fed. R. Evid 201(b); 801(d); 801(c)(2)(A)–(D); and 901(b)(1) and (7)); *see also Mezerhane de Schnapp v. United States Citizenship & Immigration Services*, 67 F. Supp. 3d 95, 107–08 (D.D.C. 2014)(out-of-court statements by government employees acting within the scope of their employment were not hearsay and were admissible at summary

judgment stage of FOIA case).

Objection 2-3. The Defendants have not responded to that argument because they cannot concoct a plausible response. Meanwhile, unless and until the Plaintiff is authorized to conduct discovery, it cannot subpoena records or compel testimony as it might in any other civil case.[1] If the Defendants want authenticated copies of the Twitter Files, the Guccifer 2.0 website, and the DCLeaks website, then they should stipulate to discovery.

### 3. The *Performance Autoplex* factors.

The foregoing evidence is important to the Plaintiff's case because it shows that there is no national security reason for the CIA to hide records about "Russian fingerprints," Guccifer 2.0, or DCLeaks. *See* Motion for Leave 6, citing Exec. Order 13,526 §1.7(a). The Defendants' only remaining argument against admission of the evidence is the purported prejudice that they would suffer. It is worth remembering that "FOIA's purpose…is to allow the public access to records necessary to ascertain whether the government has acted illegally." *Ctr. for Nat. Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 946–47 (D.C. Cir. 2003) (J. Tatel, dissenting). Any "prejudice" to the Defendants in this case is the result of their own evasions, dishonesty, and lawlessness. If anything, the Court should subject the Defendants to far greater scrutiny than the average defendant.

---

[1] Notably, the CIA cannot and does not contest the "Vault 7" evidence discussed in the declaration of Kirk Wiebe. *See* Declaration of Kirk Wiebe (Dkt. #71-5) ¶¶6-9. That alone defeats any reason for asserting a *Glomar* response to questions about "Russian fingerprints" or fake Twitter accounts. *Id*. The Defendants take cheap shots at Mr. Wiebe, but he testified that he remained familiar with technological developments since leaving the NSA, and that testimony is uncontroverted. If the Court wishes, the Plaintiff can provide additional testimony from Mr. Weibe regarding his consulting work. Notably, the Defendants do not offer any testimony of their own to refute the testimony of Mr. Wiebe.

## Conclusion

The Court needs the benefit of the foregoing supplemental evidence when ruling on the Objection, therefore the Motion for Leave should be granted and the Report & Recommendations should be overruled.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
212 S. Oxford Street #7D
Brooklyn, New York 11217
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Counsel for Plaintiff**

## Certificate of Service

On April 26, 2023, I filed a copy of this response with the Court's ECF system, which should result in automatic notification via email to Asst. U.S. Attorney Andrea Parker, Counsel for the Defendants, at andrea.parker@usdoj.gov.

**/s/ Ty Clevenger**
Ty Clevenger