IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al<br><br>Defendants. | CIVIL ACTION No. 4:20CV467 |

### NON-FBI DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE

Come now the Non-FBI Defendants and file this response in opposition to Plaintiff's Motion to Expedite Ruling on Magistrate Report and Motion for Leave to File Supplemental Evidence (the "Motion"). Dkt. 80.

The Motion seeks four separate forms of relief. First, Plaintiff requests the Court expedite ruling on its objection, Dkt. 68 (the "Objection"), to the September 9, 2022 Report and Recommendation of United States Magistrate Judge (the "R&R"). Dkt. 80 at 3–4. Second, Plaintiff requests leave to file supplemental evidence. Dkt. 80 at 5–6. Third, the Motion seeks the non-FBI Defendants' production of documents to a range of 50,000 pages per month. Dkt. 80 at 4. Finally, Plaintiff requests a hearing on its Objection to the R&R and all outstanding matters. Dkt. 80 at 6. The Motion should be denied.

Plaintiff's requests to expedite ruling on, and for a hearing on, the Objection should be denied because they are not necessary. The Court will address the Objection in due course and the mere fact this is an election year does not create an exigency that compels resolving the Objection outside the Court's ordinary course. Additionally, a hearing is not necessary to resolve the Objection because the facts and legal arguments are adequately presented in the facts and record

before the Court. Moreover, Plaintiff's Objection did not request a hearing, and a desire to prompt the Court to rule on the Objection does not establish a need for a hearing. Plaintiff's requests to expedite and for a hearing should be denied.

Plaintiff's request to supplement the record should be denied for the same reasons set forth in the non-FBI Defendants' prior opposition to Plaintiff's motion for leave to file supplemental evidence. *See* Dkt. 74. Primarily, the news reports Plaintiff offers as supplemental evidence are not proper summary judgment evidence. *See* Dkt. 74 at 3–6. Additionally, the Court should not consider Plaintiff's supplemental evidence because it fails under the *Performance Autoplex* factors. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). All of Plaintiff's proffered evidence fails the second *Performance Autoplex* factor because the documents do not suggest a public acknowledgement by the non-FBI Defendants of the subjects of Plaintiff's FOIA requests, so the evidence does not affect the R&R's analysis. *See* Dkt. 64 at 84–86. Moreover, the Memorandum on Declassification does not directly relate to the CIA's *Glomar* response, nor does the memo identify the existence of any CIA records. *See* Dkt. 80-5. The lack of relevance is sufficient to deny Plaintiff's request to supplement the record. Additionally, the Memorandum on Declassification fails the third factor because it was publicly available for almost 20 months prior to the Objection. Finally, the fourth factor weighs against allowing Plaintiff to supplement the record at this stage. This is not the first time Plaintiff has sought to supplement the record based on various media reports. This demonstrates the prejudice to the Defendants. If the Court allows Plaintiff to supplement the record based on various media reports, Plaintiff would essentially be able to supplement the record in perpetuity, which would create a moving target the non-FBI Defendants would have to defend against and would ultimately further delay resolution of the Objection and this case. The Court should deny Plaintiff's request to supplement the record.

Finally, the Court should deny Plaintiff's request to establish an expedited production schedule. The R&R granted the non-FBI Defendants' Motion for Summary Judgment and denied Plaintiff's Cross-Motion. Dkt. 64 at 91. At this stage, the non-FBI Defendants have not been ordered to produce anything. Therefore, Plaintiff's request that the Court impose an expedited production schedule of 50,000 pages per month is inappropriate at this time. If and when the Court orders the non-FBI Defendants to produce documents—it should not—the parties can address an appropriate schedule at that time.

For the foregoing reasons, the Motion should be denied.

        Respectfully submitted,

        DAMIEN M. DIGGS
        UNITED STATES ATTORNEY

        */s/ James Gillingham*
        JAMES GARLAND GILLINGHAM
        Texas State Bar No. 24065295
        james.gillingham@usdoj.gov
        110 N. College, Suite 700
        Tyler, TX  75702
        (903) 590-1400
        Fax: (903) 590-1436

        **COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                                          */s/ James Gillingham*
                                          JAMES GILLINGHAM
                                          Assistant United States Attorney