IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE TRANSPARENCY PROJECT | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-00467-SDJ-AGD |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | § § | |

**ORDER**

Pending before the court are Plaintiff The Transparency Project's Motion to Permit Supplemental Evidence in Support of Objection to Report and Recommendation of United States Magistrate Judge (Dkt. #71), Amended Motion to Permit Supplemental Evidence in Support of Objection to Report and Recommendation of United States Magistrate Judge (Dkt. #73), Corrected Motion for Leave to File Supplemental Evidence (Dkt. #82), and Corrected Motion to Expedite Production of Records (Dkt. #83). The court, having considered Plaintiff's Motions and Defendants' Responses (Dkt. #74; Dkt. #81), finds that Plaintiff's Motions (Dkt. #71; Dkt. #73; Dkt. #82; Dkt. #83) should be denied.

In order to supplement the record with additional evidence after a magistrate judge has issued their recommendation, a party must demonstrate certain factors, including:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citation omitted). In this case, these factors generally weigh against allowing Plaintiff to supplement the record.

Exhibit 1 purports to be an article entitled "Elon Musk takes control of Twitter in $44bn deal" posted by BBC News (Dkt. #73, Exhibit 1). Exhibit 2 purports to be an article entitled "Twitter Files: What they are and why they matter" by CBS News (Dkt. #73, Exhibit 2). Exhibit 3 purports to be an article entitled "Twitter Aided the Pentagon in its Covert Online Propaganda Campaign" posted by The Intercept (Dkt. #73, Exhibit 3). Exhibits 6 and 7 appear to be partial printouts from the websites https://guccifer2.wordpress.com and https://dcleaks.com (Dkt. #73, Exhibit 2; Exhibit 3).

The court questions how these exhibits are important to Plaintiff's case. For example, Exhibit 1 is an article detailing Elon Musk's acquisition of Twitter, which does not bear on whether Defendants properly responded to Plaintiff's FOIA request. With respect to Exhibits 6 and 7, Plaintiff asserts that "national security would not be harmed by revealing whether 'Guccifer 2.0' and 'DCLeaks' were created/operated by the CIA or its affiliates." (Dkt. #Dkt. #73 at p. 6). However, the content of Exhibits 6 and 7 is difficult to follow and in any event, the Exhibits do not appear to support Plaintiff's conclusions regarding national security. Additionally, as Defendants point out, printouts of online articles generally constitute inadmissible hearsay (Dkt. #74 at p. 5). *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *Hicks v. Charles Pfizer & Co. Inc.*, 466 F.Supp.2d 799, 804–05 (E.D. Tex. 2005) (listing cases). Thus, the court denies Plaintiff's request to admit Exhibits 1, 2, 3, 6, and 7.

Exhibit 4 purports to be an excerpt from the Mueller Report, dated March 2019 (Dkt. #73, Exhibit 4). Plaintiff states that it mistakenly did not attach the full Mueller Report to its summary judgment briefing, and that he uploaded the full report as Exhibit A to his objections to the Report and Recommendation. Regardless, it appears that the Mueller Report was available to Plaintiff prior to filing this lawsuit. *See Ruvalcaba v. Angleton Independent School District*, No. 20-40491,

2022 WL 340592, at *6 (5th Cir. Feb. 4, 2022) ("[W]here a litigant has 'provid[ed] no reason why it failed to introduce the evidence earlier,' we hold here that 'the district court clearly did not abuse its discretion in disallowing this evidence.'") (citation omitted). Thus, Plaintiff's request to admit Exhibit 4 is denied.

Finally, Exhibit 5 purports to be the Declaration of Kirk Wiebe, who states that he "served in the U.S. Air Force Security Service from 1964 until 1967" and then spent "22 years working at the National Security Agency" (Dkt. #73, Exhibit 5 at p. 1). However, Mr. Wiebe does not state that his Declaration is based on his personal knowledge (Dkt. #73, Exhibit 5 at p. 1). Instead, Mr. Wiebe relies on "common knowledge" and "widely known" principles (Dkt. #73, Exhibit 5 at pp. 1, 5). Mr. Wiebe further purports to interpret and ratify a series of online articles (Dkt. #73, Exhibit 5 at pp. 1–6). Such Declaration is not sufficient summary judgment evidence under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 56 ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Thus, the court denies Plaintiff's request to admit Exhibit 5. Moreover, to the extent that Plaintiff seeks to admit the articles attached to the Wiebe Declaration, that request is denied because the articles constitute inadmissible hearsay. *Roberts*, 397 F.3d at 295; *Hicks*, 466 F.Supp. at 804–05. Accordingly,

It is therefore **ORDERED** that Plaintiff's Motion to Permit Supplemental Evidence in Support of Objection to Report and Recommendation of United States Magistrate Judge (Dkt. #71) is **DENIED.** It is further **ORDERED** that Plaintiff's Amended Motion to Permit Supplemental Evidence in Support of Objection to Report and Recommendation of United States Magistrate Judge (Dkt. #73) is **DENIED.** It is further **ORDERED** that Plaintiff's Corrected Motion for Leave

3

to File Supplemental Evidence (Dkt. #82) is **DENIED**. It is finally **ORDERED** that Plaintiff's Corrected Motion to Expedite Production of Records (Dkt. #83) is **DENIED.**

    **IT IS SO ORDERED.**

    **SIGNED this 17th day of March, 2025.**

    AILEEN GOLDMAN DURRETT
    UNITED STATES MAGISTRATE JUDGE