**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| *The Transparency Project*,<br><br>Plaintiff,<br><br>vs.<br><br>*U.S. Department of Justice, et al.*,<br><br>Defendants | Case No. 4:20-cv-00467 |

**MOTION FOR APPOINTMENT OF A SPECIAL MASTER**

Plaintiff The Transparency Project respectfully moves the Court, under Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and the Court's inherent authority, to appoint a special master to conduct the *in camera* examination that 5 U.S.C. § 552(a)(4)(B) contemplates, to examine the adequacy of Defendants' searches, and to prepare a report and recommendation for this Court's *de novo* review. *See Ex parte Peterson*, 253 U.S. 300, 312 (1920); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) ("Where it appears that a court cannot adequately and efficiently carry out its duties without employing some special device, the court has inherent power to do so.").

**1. The statute authorizes the examination, and the record now requires it.** Section 552(a)(4)(B) commands a *de novo* determination, places the burden on the agency, and authorizes the court to "examine the contents of such agency records *in camera*." For the reasons set out in Plaintiff's supplemental brief, the record no longer permits the agencies' declarations to be accepted at face value: the Foreign Intelligence Surveillance Court has found the FBI's querying procedures inconsistent with the statute and the Fourth Amendment; the Department's Inspector

General found that the Crossfire Hurricane file was designated "prohibited"; the FBI's own records describe "prohibited status" files and placeholder entries that a search of the indexed systems would not reach; the Director of National Intelligence has acknowledged that the FBI and NSA had "low confidence" in the public attribution of the DNC leak; and the FBI's own analysis of that attribution, contained in the presidentially declassified Crossfire Hurricane binder, includes entries marked "FISC ordered Sequestered." (Supp. Br. Parts IV–V & Exs. F, H, I, K, Q). An examination of that kind—classified records held by several agencies, in record systems designed in part to keep records out of ordinary searches—is precisely the work Rule 53 exists to support.

**2. The examination cannot be effectively and timely addressed without a master.** Rule 53(a)(1)(C) authorizes appointment of a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." That standard is met here, and saying so implies no criticism of any judicial officer. Plaintiff's objection has been pending since September 26, 2022. The task the record now calls for is not the resolution of a legal question but a hands-on inquiry into how six agencies keep and search their records, conducted largely *ex parte* and in a classified setting—the kind of investigative work the Advisory Committee recognized may involve "duties that might not be suitable for a judge." Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. The Supreme Court made the same point a century ago: where "the documents and other evidence [are] voluminous," "it is the better practice to refer the matter to a special master or commissioner than for the judge to undertake to perform the task himself." *Ex parte Peterson*, 253 U.S. at 313. A master permits that work to proceed while the Court considers the legal questions presented, without displacing the Court's decisional role: the master examines and reports, and the Court decides *de novo*. Fed. R. Civ. P. 53(f)(3)–(4).

**3. Courts use this mechanism against these agencies.** In *Trentadue v. CIA*, the District of Utah found that it could not "effectively and timely" oversee an inquiry into the FBI's conduct and appointed a special master under Rule 53(a)(1)(C) to collect FBI materials for *ex parte*, *in camera* review, to rule on privilege assertions subject to appeal to the court, to take evidence at depositions, and to report findings for *de novo* review—invoking the court's inherent power "to conduct an independent investigation in order to determine whether it has been the victim of fraud." Mem. Decision & Order Appointing Special Master at 7–14, *Trentadue v. CIA*, No. 2:08-cv-0788 (D. Utah Apr. 30, 2015), Dkt. 249 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)) (Supp. Br. Ex. N). The same court sustained Exemption 1 withholdings only after "a thorough *in camera* review." *Trentadue v. FBI*, No. 12-974, 2015 WL 3606068, at *3 (D. Utah June 8, 2015). In FOIA litigation over the Special Counsel's report, the court declined to accept the Department's representations without "independent verification" and ordered *in camera* review. *Elec. Priv. Info. Ctr. v. U.S. Dep't of Justice*, 442 F. Supp. 3d 37, 50–52 (D.D.C. 2020). And a request for the same relief is now pending before another judge of this District on the same 2026 releases. *Huddleston v. FBI*, No. 4:20-cv-447 (E.D. Tex.), Dkt. #258.

**4. The master's duties.** Consistent with Rule 53(b)(2) and (c), Plaintiff proposes that the master be directed and empowered to: (a) receive from Defendants, *ex parte* and *in camera*, the records withheld in full or in part, or a representative sample approved by the Court, together with unredacted copies of Defendants' declarations and any *Vaughn* materials; (b) examine those records against each claimed exemption, including whether any withholding is inconsistent with Section 1.7(a) of Executive Order 13,526, and assess segregability; (c) examine Defendants' records systems and search methodologies, including whether responsive records were at any time designated "restricted" or "prohibited," maintained as placeholder-only entries, sequestered by

order of the Foreign Intelligence Surveillance Court, or held outside the systems described in Defendants' declarations; (d) direct specific searches and queries, including by case identifier and code name, and require supplemental declarations describing them; (e) take the testimony of Defendants' declarants and records custodians, exercising the Court's power to compel, take, and record evidence under Rule 53(c)(1)(C); (f) supervise such limited discovery on the adequacy of the searches as the master finds warranted; (g) rule on privilege assertions in the first instance, subject to review by the Court; and (h) prepare a report and recommendation with proposed findings of fact and conclusions of law, to which the parties may object and which the Court will review *de novo*. Fed. R. Civ. P. 53(f)(3)–(4).

**5. The master's qualifications.** Plaintiff proposes qualifications rather than a person and commits the selection to the Court. The master should be (a) a neutral with no prior involvement in the rulings that are the subject of Plaintiff's pending objection to the March 17, 2025 order (Dkt. ##85, 86), because the examination will bear on evidentiary questions adjacent to those rulings and the appearance of impartiality is best protected by fresh eyes, *see* Fed. R. Civ. P. 53(a)(2), (b)(3)(A); 28 U.S.C. § 455; (b) eligible for expedited processing of any necessary security clearance through the Department of Justice's litigation-security procedures; and (c) available to complete the work on a defined schedule. A retired Article III judge—particularly one with Foreign Intelligence Surveillance Court experience—or a member of the cleared bar experienced in classified-information litigation would meet those qualifications. Rule 53(b)(1) requires notice and an opportunity to be heard before a master is appointed, and this motion supplies both. Plaintiff proposes that the parties confer and jointly submit one or more candidates within a period the Court sets; that, if they cannot agree, each side submit candidates from which the Court may select, with an opportunity to object to the other side's candidates; and that the candidate selected file the

affidavit required by Rule 53(b)(3)(A) before the order of appointment issues. The remaining terms required by Rule 53(b)(2)(C) through (E)—the record to be preserved, the time limits and method of filing, and the terms of compensation—can be settled in the appointing order once a candidate is identified.

**6. This request is consistent with Plaintiff's pending objection.** Plaintiff's objection to the March 17, 2025 order contends that evidentiary matters bound up with a dispositive objection belong to the District Judge under 28 U.S.C. § 636(b)(1). (Dkt. #86). A Rule 53 master stands on different footing: the District Judge makes the appointment, defines the task, and reviews the master's findings *de novo*. Fed. R. Civ. P. 53(b), (f). The appointment keeps the ultimate decision with the District Judge, which is the point of the objection, not an exception to it.

**7. Costs.** Plaintiff proposes that Defendants bear the master's compensation in the first instance, subject to reallocation under Rule 53(g)(3). The examination is occasioned by Defendants' withholdings; the statute places the burden of justifying them on the agencies, 5 U.S.C. § 552(a)(4)(B); and the parties' means are not comparable—Plaintiff is a small nonprofit, and Defendants are the United States. *See* Fed. R. Civ. P. 53(g)(3) (court must consider "the parties' means"). The Advisory Committee adds that "parties pursuing matters of public interest . . . may deserve special protection," and that "[a] party whose unreasonable behavior has occasioned the need to appoint a master . . . may properly be charged all or a major portion of the master's fees." Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. In *Trentadue*, the court made its interim allocation of the master's costs subject to reallocation if wrongdoing was found. Dkt. 249 at 14–15.

**8. Classification is not an obstacle.** Section 552(a)(4)(B) itself contemplates judicial examination of classified records—that is its purpose—and the security arrangements for adjunct

review exist and have been used, as the appointments described above show. If the Court prefers, the work may begin with the unredacted declarations, the *Vaughn* materials, and a representative sample, expanding only as the master's findings warrant.

**9. The appointment will expedite resolution.** The master's work can proceed in parallel with the Court's consideration of the legal questions presented by the objection and the supplemental brief, so that the Court may rule once, on a complete record. In the alternative, Plaintiff requests that the Court order production of the unredacted declarations and a representative sample of the withheld records for its own *in camera* review on a schedule the Court sets; and in the further alternative, an evidentiary hearing at which Defendants' declarants may be examined about their agencies' records systems, or leave to conduct limited discovery on the adequacy of the searches.

WHEREFORE, Plaintiff respectfully requests that the Court appoint a special master on the terms proposed above, or on such other terms as the Court deems appropriate; set a schedule for the parties to submit candidates and for the selected candidate to file the affidavit Rule 53(b)(3)(A) requires; and grant such further relief as is just. A proposed order containing the matters required by Rule 53(b)(2) accompanies this motion per Local Rule CV-7(a).

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
131 Woodbine Street
Brooklyn, New York 11221
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

Counsel for The Transparency Project

**Certificate of Conference**

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). On or about September 29, 2026, I personally conferred by telephone with Assistant U.S. Attorney James Gillingham, counsel for Defendants, regarding the relief requested in this motion. The participants in the conference were Ty Clevenger and James Gillingham. Defendants oppose the relief requested because they do not believe a special master is necessary. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

**/s/ Ty Clevenger**
Ty Clevenger

**Certificate of Service**

I certify that a copy of this document was filed with the Court's ECF system on October 5, 2026, which should result in automatic notification via email (james.gillingham@usdoj.gov) to Assistant U.S. Attorney James Gillingham, counsel for the Defendants.

**/s/ Ty Clevenger**
Ty Clevenger