**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| THE TRANSPARENCY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, ET AL<br><br>Defendants. | CIVIL ACTION No. 4:20CV467 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

Defendants respectfully file this response in opposition to Plaintiff, The Transparency Project's ("Plaintiff") Motion for Leave to File Supplemental Brief (the "Motion") (Doc. 88).

**INTRODUCTION**

Plaintiff seeks to submit yet another brief in support of its objections to the Report and Recommendation (the "R&R") issued on September 9, 2022. Doc. 64. The parties completed briefing on Plaintiff's objections almost four years ago. Plaintiff has already sought leave to supplement itrs objection with additional evidence and argument, which the Court denied after applying the factors identified in *Performance Autoplex II Ltd. v. Mid-Continent Casualty Co.*, 322 F.3d 847, 862 (5th Cir. 2003). Doc 85. Plaintiff now seeks to reopen briefing again, relying on an intervening Supreme Court decision, Doc. 88 at 3, and records publicly released after the original briefing closed, *id.* at 3–4.

Neither the intervening Supreme Court decision nor the release of records, standing alone, justifies another round of briefing. The proposed 36-page supplemental brief presents an extensive

challenge to the R&R's substantive conclusions, revisiting issues including the treatment of agency declarations, national-security classifications, *Glomar* responses, the adequacy of agency searches, the propriety of *Glomar* responses, and segregability, an makes further arguments regarding the Government's attribution of the 2016 Democratic National Committee data breach. But there is no reason that the Court cannot resolve the pending objection based on the record currently before it.

Defendants emphasize that the question presented in the Motion is whether Plaintiff should be permitted to file a supplemental brief and evidence almost three years after the objections have been fully briefed. The merit—or lack thereof—of the factual allegations, legal theories, and exhibits contained in the proposed supplemental brief are not before the Court. Accordingly, Defendants do not address each assertion, characterization, argument, or document contained in the proposed submission. This should not be construed as an admission concerning their accuracy, relevance, or legal significance, or as the waiver of any argument or objection. Should the Court grant leave, Defendants request leave to address the supplemental brief and its supporting materials. However, as explained herein, the Motion should be denied.

## PROCEDURAL HISTORY

On September 9, 2022, the Magistrate Judge entered the R&R addressing the parties' summary judgment motions. Doc. 64. Plaintiff filed its objection to the R&R on September 26, 2022. Doc. 68.

After filing its objection, Plaintiff filed a motion for leave to submit additional evidence in support of its objection. Doc. 71. Plaintiff later amended the motion for leave to submit additional evidence in support of its objection. Doc. 73. Defendants opposed those motions, arguing that the proposed evidence was not material to Plaintiff's objections and was not proper summary

judgment evidence, and supplementation was not supported by the *Performance Autoplex* factors. Doc. 74. Defendants emphasized that Plaintiff's sufficiently specific objections challenged limited legal conclusions in the R&R, and the proposed additional evidence was not material to those challenges. *Id.* at 2–3.

On March 17, 2025, the Magistrate Judge denied Plaintiff's motion to submit supplemental evidence. Doc. 85. Applying *Performance Autoplex*, the Magistrate Judge found that the relevant considerations generally weighed against supplementation. *Id.* The Court also found that some of Plaintiff's proposed additional exhibits did not appear to support Plaintiff's conclusions regarding national security, that other evidence had been previously available, and that the declaration of a former NSA employee was not proper summary judgment evidence. *Id.* at 2–3.

Plaintiff objected to that ruling. Doc. 86. That objection and Plaintiff's objection to the R&R remain pending. Despite preciously seeking to expedite a ruling on its objection to the R&R, Doc. 84, Plaintiff now seeks leave to file another substantial supplemental brief addressing the same issues that have been extensively addressed in summary judgment and in connection with Plaintiff's objection to the R&R. Doc. 88, 90.

## ARGUMENT

### I. Regardless of which judicial officer resolves this motion, it should be denied.

As a threshold matter, Plaintiff devotes considerable attention to whether the District Judge, rather than the Magistrate Judge, should resolve this Motion. Defendants do not dispute that 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3) authorize the District Judge to receive additional evidence when reviewing a magistrate judge's report and recommendation. But that authority does not preclude a magistrate judge from resolving a nondispositive motion, such as this one, in the first instance. *See* Fed. R. Civ. P. 72(a). Indeed, that

is precisely how the Court previously handled substantially similar issues in this case. Although Plaintiff objected to that ruling, the objection remains pending.

Ultimately, the Court need not resolve Plaintiff's procedural argument to resolve the Motion. The District Judge's authority to receive additional evidence or briefing does not mean the Plaintiff is entitled to submit it. Regardless of whether the Magistrate Judge or District Judge considers this request, the issue is whether Plaintiff has established a sufficient basis to permit additional briefing and evidence, which would substantially expand a briefing that has been closed for years. As explained herein, Plaintiff has not made that showing, and the Motion should be denied.

**II. Additional briefing is not warranted.**

Local Rule CV-72(c) provides that a party may object to a report and recommendation on any case dispositive motion. The rule provides for a response. But other than an eight-page objection and a response, "no further briefing is allowed without leave of court." E.D. Tex. Lo. R. CV-72(c). Plaintiff acknowledges that it cannot file an additional brief in support of its objection without leave of court. Doc. 88, at 1. Plaintiff suggests that leave is warranted based on an intervening Supreme Court decision, the availability of additional information, and the District Court's obligation to conduct a *de novo* review of the R&R.

Defendants do not dispute that the District Court possesses discretion to consider additional evidence during its review of a magistrate judge's recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The existence of discretion, however, does not create an entitlement to supplement the record or reopen briefing any time a party identifies additional information.

In *Performance Autoplex*, the Fifth Circuit explained that a district court has wide discretion regarding whether to accept additional evidence after a magistrate judge has issued a

report and recommendation. *Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). It also cautioned that litigants should not use the magistrate judge as a mere sounding board to test the sufficiency of their original arguments before presenting additional material. *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). The Fifth Circuit identified factors courts should consider when deciding whether to exercise their discretion to allow supplementation. *Id.* These include: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. *Id.* (citing *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)).

Those considerations are appropriate here, where Plaintiff has already sought—and been denied—leave to supplement the proceedings following the R&R. The Magistrate Judge's previous ruling, to which Plaintiff has objected, does not foreclose consideration of new material, but it underscores that the decision regarding whether to allow supplementation is discretionary and requires adequate justification.

Here, Plaintiff's request is not limited to identifying intervening legal authority and providing additional evidence. It seeks to provide additional argument regarding issues that have already been addressed in extensive summary-judgment briefing and through briefing on Plaintiff's objections. Plaintiff must establish the necessity of that additional argument, not merely the existence of the post-briefing developments.

**III. Neither the intervening decision nor the subsequent releases establish a need to re-open briefing.**

Plaintiff identifies two developments supporting its request: the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and the public release of

government records concerning election-related intelligence. Neither establishes that supplemental briefing is necessary.

First, Plaintiff contends that *Loper Bright* undermines the R&R's consideration of agency declarations regarding national-security information. Doc. 88, at 3. But *Loper Bright* did not address the presumption of regularity afforded agency declarations in FOIA litigation. Indeed, this Court has previously rejected an attempt to invoke *Loper Bright* in a FOIA case where neither the Government nor the Magistrate Judge relied on *Chevron* deference. In *Ivanovskis v. Fed. Bureau of Investigation*, No. 4:23-cv-531-SDJ, 2025 WL 2778978 (E.D. Tex. Sept. 29, 2025), Judge Jordan explained *Loper Bright* formally overturned *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and "'eliminated the 'judicial invention' of deference to administrative action and rulemaking,'" *Ivanovskis*, 2025 WL 2778978, at *1 (quoting *Van Loon v. Dep't of the Treasury*, 122 F.4th 549, 562 (5th Cir. 2024)). The court found that *Loper Bright* was inapplicable because the Government did not ask for, and the Magistrate Judge did not apply, *Chevron* deference. *Id.; see also Stevens v. United States Customs and Border Protection*, No. 25-c-2719, 2026 WL 2056856, *4 (N.D. Ill. July 16, 2026); *Brodsky v. FBI*, No. 24-2619, 2025 WL 1983885, *1 n.2 (7th Cir. July 17, 2025) ("[*Loper Bright*] has no applicability to the weight accorded to declarations made by agency officials in a FOIA case.").

More fundamentally, the District Court can consider applicable intervening Supreme Court authority when resolving Plaintiff's objection without reopening briefing for a substantial reconsideration of the R&R's conclusions. The mere existence of *Loper Bright* does not establish a need for supplemental briefing here.

Second, Plaintiff relies on government records released after briefing closed as a justification to re-open briefing and to supplement the record. For purposes of the Motion,

Defendants do not dispute that some of these records may have been unavailable to the Plaintiff when the original briefing was completed. However, others were available. *See* Doc. 90-10 (FISC Memorandum Opinion which contains a footer showing an "authorized public release" date of October 8, 2019); 90-9 (the "Horowitz Report" was released December 9, 2019), 90-15 (Joint Statement from Elections Infrastructure Government Coordinating Counsel & the Election Infrastructure Sector Coordinating Executive Committees, released November 12, 2020), 90-16 (Michael Balsamo, Disputing Trump, Barr says no widespread election fraud, published June 28, 2022). However, the subsequent release of information concerning the general subjects of Plaintiff's FOIA requests does not automatically establish that additional briefing is warranted.

It appears that Plaintiff's position is that, because these documents may have been responsive to its FOIA requests but were not produced, the Court is required to reject the R&R's conclusions regarding the reasonableness of Defendants' searches for records responsive to its request. But to satisfy its burden under FOIA, an "'agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" *Ivanovskis v. FBI*, Civ. Action No. 4:23-cv-00531, 2025 WL 2019381 (E.D. Tex. Mar. 10, 2025) (quoting *Jett v. FBI*, 139 F. Supp. 3d 352, 365 (D.D.C. 2015)), *report and recommendation adopted* 2025 WL 2778978 (E.D. Tex. Sept. 29, 2025). The reasonableness of a search is not determined based on whether there may exist any other documents possibly responsive to the request, but whether the search for documents was adequate. *Id.* Thus, the mere existence of potentially responsive documents that were not produced does not, standing alone, establish the underlying searches unreasonable or inadequate under the FOIA.

Additionally, the significance of any of the materials Plaintiff seeks to include in the additional briefing depends on their relationship to particular requests, the individual agencies' responses, and the determinations made by the Magistrate Judge. Here, for instance, some of the proposed supplemental exhibits are documents from the Federal Bureau of Investigation, whose search is not a subject of the R&R. *See e.g.* Doc. 90-5, 90-6, 90-8, 90-16. Additional documents also consist of X (Twitter) posts and new articles similar to those Plaintiff previously sought leave to submit as supplemental materials, which the Court declined to permit. Doc. 90-12, 90-13, This underscores the fact that the mere identification of new information does not itself establish a sufficient reason to re-open briefing.

Defendants do not ask the Court to decide the merits of Plaintiff's new factual assertions at this stage. Nor do Defendants concede those assertions by declining to address them individually. Defendants' point is narrower—Plaintiff has not demonstrated the existence of the subsequently released records necessitates the significant additional merits briefing it seeks.

**IV. The proposed supplemental brief would substantially expand proceedings that have long been fully briefed.**

Plaintiff's proposed supplemental brief is not a limited notice identifying new authority or particular records. Rather, it is a lengthy submission seeking to revisit multiple aspects of the R&R including search adequacy, *Glomar* responses, the treatment of classified documents, and segregability.

The parties have already devoted substantial briefing to the underlying summary judgment issues and Plaintiff's objections to the R&R. The Court has also previously considered and rejected requests for supplementation—both in the form of additional evidence and in the form of an additional brief. Allowing Plaintiff to file successive rounds of supplemental argument each time

additional information becomes publicly available risks creating a continually changing record and risks further delaying finality of these issues.

Defendants recognize the mere need to prepare an additional response does not, by itself, constitute unfair prejudice. But the concern is broader. Allowing a substantially expanded objection at this stage undermines the orderly resolution of the objections that have been fully submitted for years.

The Court possesses broad discretion to allow additional briefing should it conclude a particular issue requires further development. Plaintiff has not shown that the proposed supplemental brief is necessary or appropriate at this stage. For these reasons, the Court should deny Plaintiff's request to reopen the record.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Supplemental Brief, Doc. 88.

Alternatively, if the Court grants leave, Defendants respectfully request an appropriate opportunity to respond to Plaintiff's supplemental brief and supporting materials. Defendants expressly reserve all substantive arguments regarding those materials.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ James Gillingham*

JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant United States Attorney